**PIED PIPER CASUALS, INC., Plaintiff,**

v.

**INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, Defendant.**

**No. 85 Civ. 0782 (RWS).**

United States District Court, S.D. New York.

April 3, 1987.

Otterbourg, Steindler, Houston & Rosen, P.C. New York City, for plaintiff; Richard J. Rubin, Marc A. Abrams, of counsel.

Speyer & Perlberg, New York City, for defendant; Dennis M. Perlberg, Paul M. Weidenbaum, of counsel.

SWEET, District Judge.

Defendant Insurance Company of the State of Pennsylvania ("ICSP") has moved in this court to withdraw the above captioned adversary proceeding, which is presently pending in the Bankruptcy Court, to this court for further proceedings and trial. The motion is made pursuant to 28 U.S.C. § 157(d) on the grounds that it has been adjudicated that the captioned action is a "related" or "non-core matter" as defined in the Bankruptcy Amendments and Federal Judgeship Act of 1984 and that there is cause for withdrawal for the reason that a jury trial was demanded by ICSP. For the reasons stated below, the motion to withdraw is granted.

**Prior Proceedings**

Plaintiff Robert Fisher, Chapter 7 Trustee of Pied Piper Casuals, Inc. ("Pied Piper"), commenced this suit in the Bankruptcy Court in October, 1984 to recover the proceeds of an insurance policy issued by ICSP, to which Pied Piper claims it is entitled. The complaint alleges that between the period of April, 1982 to January, 1984, approximately 1.4 million dollars of merchandise was stolen from the premises of Pied Piper. During this period, Pied Piper was insured by ICSP through various insurance policies. In response to the complaint, ICSP filed an answer on December 3, 1984, in which it asserted eight affirmative defenses, all based on state law, and demanded a jury trial.

Shortly thereafter, ICSP filed a motion in Bankruptcy Court to withdraw this action to the federal district court on the grounds that the action was a non-core proceeding. At a conference on the return date of the motion, the Honorable Harold Buschmann informally discussed with counsel the procedural questions related to the motion. Although 28 U.S.C. § 157 indicated that the district court shall make the decision as to whether the action shall be withdrawn from the Bankruptcy Court, the statute provided that the bankruptcy judge was to make the threshhold decision as to whether the case is a core or a non-core proceeding. Judge Buschmann suggested that the motion be made in district court.

ICSP then moved in the district court for withdrawal of the action on the grounds that it was a non-core proceeding. This court denied the motion with leave to renew if the Bankruptcy Court determined that this action was non-core. The defendant then moved in the Bankruptcy Court for such a determination. The motion was denied by Judge Buschmann. Upon reargument, Judge Buschmann reaffirmed his decision that the action was a core proceeding.

ICSP then moved in the district court for permission to take an interlocutory appeal of Judge Buschmann's order on the grounds that the case raised a novel issue under the recently amended statute and that ICSP would not have an adequate remedy if it was required to await the final determination of the action to seek a reversal of this decision. The motion for leave to take an interlocutory appeal was granted. On appeal, the Honorable Richard Owen reversed the Bankruptcy Court's de-

cision and held that the subject matter was a non-core proceeding.   65 B.R. 780.

ICSP now moves pursuant to 28 U.S.C. § 157(d) to withdraw the reference from Bankruptcy Court for further proceedings and trial in the district court on the grounds that the Bankruptcy Court is not authorized under the Bankruptcy Act or permitted under Article III to preside over a jury trial in non-core proceedings.  In the alternative, ICSP contends that although the Bankruptcy Court may be permitted to conduct a jury trial, if either party objected to the outcome a *de novo* jury trial in the district court would be required.  As such a result would cause a waste of judicial resources, ICSP urges this court to exercise its sound discretion and withdraw the reference from the Bankruptcy Court for a trial in the district court.

### Conclusions

The Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "1984 Amendments") were enacted in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which found unconstitutional the 1978 Bankruptcy Reform Act's broad delegation of Article III powers to the Article I Bankruptcy Court.  In *Northern Pipeline*, the Supreme Court held that the power given to the Bankruptcy Court to finally adjudicate claims or causes of action based on state or common law was not constitutionally permissible under Article III.

The 1984 Amendments attempted to redress the constitutional infirmities by distinguishing between "core" proceedings and claims under Title 11, and "non-core" proceedings or claims "related" to Title 11 cases, that is, claims arising under traditional state law.   Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and enter final orders in all cases under Title 11 and in all core proceedings, subject to review under section 158.  That review is made using the traditional standard of appellate review.[1]

Under section 157(c),[2] bankruptcy judges may also hear proceedings that are not core proceedings but are otherwise related to a case under Title 11.  Non-core proceedings, however, are subject to provisions similar to those governing references to magistrates under the Federal Magistrates Act, 28 U.S.C. §§ 631–639 (1982).  Under section 157(c), a bankruptcy judge may hear a non-core proceeding but may not enter a final order unless the parties consent.  If they do not consent, the bankruptcy judge enters a final order of judgment after considering the bankruptcy judge's proposed findings and must submit proposed findings of fact and conclusions of law to the district court.  Then the district judge enters a final order of judgment after considering the bankruptcy judge's proposed findings and conclusions and after "reviewing de novo those matters to which any party has timely and specifically objected."   28 U.S.C. § 157(c)(1).

1.  Section 158 provides:
    (a) The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. . . .
    (c) An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules.

2.  Section 157(c) provides:
    (1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is other-

wise related to a case under title 11.  In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(d) permits the district court to withdraw either core or non-core proceedings from the Bankruptcy Court on its own motion or upon a motion of a party, and sets forth the circumstances under which such a withdrawal is compelled. The provision states that:

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

ICSP brings this motion to withdraw based on the assumption that the bankruptcy court will conduct a jury trial in this non-core proceeding. Although both parties assume that ICSP has a right to a jury trial in the Bankruptcy Court, there is no indication in the papers before this court, other than ICSP's demand for a jury trial in its answer, that the Bankruptcy Court intends to go forward with a jury trial. The issue of a Seventh Amendment right to a jury trial in Bankruptcy Court has apparently not been raised in the Bankruptcy Court, and neither party has briefed it in the papers presented with this motion.

■ Nevertheless, this court agrees that ICSP has a right to a jury trial on these state law issues. Since ICSP would have a right to a jury trial in this court, had the action been brought here, ICSP is entitled to a jury trial. A trustee should not be permitted to abrogate a party's Seventh Amendment right by suing in Bankruptcy Court rather than district court.

The reasoning of *In re Lombard-Wall, Inc.*, 48 B.R. 986 (S.D.N.Y.1985) supports this result. In that core proceeding, the Honorable Gerald L. Goettel held that a right to a jury trial existed because the case involved primarily state law claims that would have been tried in a court of law.[3] The present action presents an even stronger case for finding a right to a jury trial. Because it is a non-core proceeding, it involves by definition only matters of state law. Although one commentary has suggested that a right to a jury trial does not exist in bankruptcy proceedings, *see* 1 Collier on Bankruptcy ¶ 3.01[7][b][i], at 3–88 (15th ed. 1987), its reasoning is not persuasive. It argues, first of all, that parties in a core proceeding are not entitled to a trial by jury because the proceeding is inherently one in equity. With relation to non-core proceedings, it concludes that it would be "easier" to conclude there is no right because the procedure set up by Congress for non-core proceedings, does not readily lend itself to proceeding by jury. Even accepting that as true, Congress cannot abrogate a party's Seventh Amendment right to a trial by jury by creating difficulties in exercising that right.

■ Since this court concludes that ICSP does have a right to a jury trial, it must next determine whether Congress intended that bankruptcy judges preside over jury trials in non-core proceedings. The 1984 Amendments do not specifically address the use of juries in any kind of bankruptcy proceeding.[4] Although the circumstances surrounding the enactment of the 1984 Amendments lead to the conclusion that Congress wished to delegate powers as broad as constitutionally permissible under *Northern Pipeline*, the jurisdictional provision for non-core proceedings by its terms envisions a bench trial rather than a trial

---

**3.** Judge Goettel relied in part on 28 U.S.C. § 1480(a), which provides that:

> This Chapter and Title 11 do not affect any right to trial by jury ... that is provided by any statute in effect on September 30, 1979.

Even at that time § 1480(a) had been repealed with the 1984 Amendments. Nevertheless, this provision does not purport to deal with the Seventh Amendment right to a jury trial. Even

if it did, Congress cannot in any way take away a party's Seventh Amendment right to a jury trial.

**4.** While Bankruptcy Rule 9015 authorizes the Bankruptcy Court to conduct jury trials of issues triable by a jury of right, it does not specifically address the availability of jury trials in non-core proceedings.

by jury. *See* 28 U.S.C. § 157(c)(1). The bankruptcy judge is required to make proposed findings and conclusions of law to the district court. There is no evidence in the legislative history that Congress intended to change the jury practices as they now are in the district courts to require a jury to make extensive findings of fact. Furthermore, the provisions for *de novo* review seem incompatible with the concept of a right to a jury trial. If a jury must find on all issues, then a judge cannot reverse their findings. Instead, if the district court judge decides to reject any findings of fact, it would seem that he must submit the disputed issues to yet another jury. *See Matter of Reda, Inc.*, 60 B.R. 178, 182 (Bankr.N.D.Ill.1986); *In re Shaford Companies, Inc.*, 52 B.R. 832, 837 (Bankr.D.N.H.1985); *In re Smith-Douglass, Inc.*, 43 B.R. 616 (Bankr.E.D.N.C. 1984). *But see In re Price-Watson Co.*, 15 B.C.D. 72 (Bankr.S.D.Tex.1986). Such a course would appear to waste judicial resources. Since the procedures governing non-core proceedings are antithetical to a Congressional intent to authorize jury trials in such proceedings and in the absence of any direct authorization, the Bankruptcy Court is not authorized to conduct a jury trial in this non-core proceeding. The necessity of preserving ICSP's right to a jury trial

constitutes "good cause" for withdrawal under 28 U.S.C. § 157(d).[5]

█ Pied Piper argues that the motion for withdrawal was not timely made as required under Section 157(d). The procedural history of this case indicates that ICSP has been attempting for two years to get this action withdrawn to this court on the grounds that it is a non-core proceeding. While it has now added the additional ground that a jury trial was demanded in the Bankruptcy Court, the various determinations over the past two years concerning whether this action is non-core were necessary to the present motion. The delay in obtaining determinations on its motions and appeals cannot be attributed solely to ICSP. Therefore, Pied Piper's objection on the ground of timeliness is not persuasive.

The motion to withdraw is granted. Should either party wish to submit papers on the right to a jury trial, a motion to reconsider will be entertained if filed within ten (10) days.

IT IS SO ORDERED.

---

5. This court recognizes that this result leads to automatic withdrawal of any non-core proceeding where a jury trial is timely demanded. While this might seem to contradict Congress' intent to permit the Bankruptcy Court to hear non-core proceedings, this court is persuaded that, had Congress specifically addressed the jury issue, it would have explicitly withdrawn jury proceedings to the district court.