**In re Lelia V. JACKSON, Debtor.**

**Thomas R. NOLAND, Trustee in Bankruptcy, Plaintiff,**

v.

**FRE, INC., d/b/a Rich's Pawn Shop, Defendant.**

Bankruptcy No. 3–87–01985.

Adv. No. 3–88–0086.

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 4, 1989.

Thomas R. Noland, Dayton, Ohio, trustee, pro se.

Roy E. Horn, Dayton, Ohio, for Defendant.

DECISION AND ORDER GRANTING (UPON RECONSIDERATION) DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of defendant, Fre, Inc. for the court to reconsider

its order of December 5, 1988, 95 B.R. 68,[1] which denied motions for summary judgment filed by both the plaintiff and the defendant. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

In this adversary proceeding the trustee in bankruptcy for the bankruptcy estate of debtor Lelia V. Jackson seeks to avoid an alleged transfer of a ring by the debtor to defendant Fre, Inc. as a fraudulent transfer under section 548 of the Bankruptcy Code.[2] In its previous order, this court—by way of a preliminary analysis of the law—expressed its view that the trustee faced a difficult burden in proving that the debtor ever had an interest in the ring of her late husband. The court accepted further memoranda of law on the issue of the debtor's interest in the ring under Ohio law and is persuaded that the trustee is unable to demonstrate that the debtor transferred an interest in the ring to the defendant.

In its earlier decision, the court noted that under Ohio law administration of a decedent's estate is generally a prerequisite to the devolution of the personal estate of the decedent. In his latest memorandum of law, the trustee concludes that the debtor inherited her late husband's right to redeem the ring from the defendant, because the estate of the debtor's husband was under $25,000 and could have been relieved from administration and distribution made to the debtor. The court need not consider the effect of the state's relief from administration procedures upon the passing of interests in personal property, because there is no representation here that the estate of the debtor's husband was in fact relieved from administration or any indication that such a proceeding will ever be initiated.

At the time the debtor authorized the forfeiture of her husband's ring, any "in-terest" she had in the ring or in a redemption of the ring was derivative of any interest she may have had in her husband's estate. She had no direct interest in the ring, and, despite being afforded an opportunity by the defendant to redeem the ring, no authority has been provided to support a conclusion that she had a legal right, independent of the rights of her husband's estate, to redeem the ring. Any claim for an inappropriate disposition of the ring belongs in the first instance to the estate of the debtor's husband. The relief sought by the trustee in bankruptcy would bypass the functions of the state probate court and ignore the fact that the debtor's rights are to any "net" proceeds from her husband's estate, i.e. after payment of his creditors and administrative expenses.

An essential element in a fraudulent transfer action is that the debtor had an interest in the property transferred. 11 U.S.C. § 548(a). Under the facts of this case and applicable law, it is clear that the trustee in bankruptcy is not able to carry his burden of proof with respect to this element and, therefore, it is appropriate to grant summary judgment to the opposing party under Fed.R.Civ.P. 56:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with re-

---

1. The previous opinion is incorporated into this opinion for purposes of stating the facts and explaining more fully the underlying law pertaining to this adversary proceeding.

2. The trustee continues to assert that a preferential transfer occurred, but has never provided any material indicating that there was ever "an antecedent debt owed *by the debtor* before such transfer was made" as required by section 547(b)(2) of the Bankruptcy Code.

spect to which she has the burden of proof.

*Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–2553, 91 L.Ed.2d 265 (1986). This adversary proceeding has been pending before the bankruptcy court for over a year, but no evidence has been presented to substantiate the trustee's claim that the debtor had any interest in the ring forfeited to the defendant.

For the foregoing reasons it is hereby ORDERED that Defendant's motion for summary judgment is GRANTED. The motions of Defendant to strike certain matter in plaintiff's motion and affidavit for summary judgment, (Doc. 20) for leave to amend answer (Doc. 22) and for a definite statement (Doc. 28) are rendered moot by this order.