**In re Charles Pender EDWARDS, III, C.P. "Bud" Edwards, "Bud" Edwards, Debtor.**

**Charlyne E. HADEN, Plaintiff,**

**v.**

**C.P. EDWARDS, III, Individually, and as executor of the Estate of C.P. Edwards, Jr., and Flora Jane Massengill Edwards and as Liquidating Trustee for the Edwards Companies, Defendant.**

**Charlyne E. HADEN, Plaintiff,**

**and**

**John M. Neal, Trustee, Intervenor,**

**v.**

**C.P. EDWARDS, III and Fifth Third Bank, Defendants.**

Bankruptcy No. 3–88–00621.
Adv. Nos. 3–88–0069, 3–89–0036.

United States Bankruptcy Court, E.D. Tennessee.

Aug. 16, 1989.

Miller & Martin, Lawrence R. Ahern, III, Shelley D. Rucker, Chattanooga, Tenn., Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Richard J. McAfee, Chattanooga, Tenn., Hodges, Doughty & Carson, Dean B. Farmer, Knoxville, Tenn., for plaintiff.

Lon V. Boyd, Kingsport, Tenn., for debtor.

Paine, Swiney and Tarwater, D. Michael Swiney, Knoxville, Tenn., for defendant, Fifth Third Bank.

Morton, Lewis, King & Krieg, John M. Neal, Knoxville, Tenn., for intervenor, John M. Neal, Trustee.

## MEMORANDUM AND RECOMMENDATION TO DISTRICT COURT SUGGESTING WITHDRAWAL OF REFERENCE OF ADVERSARY PROCEEDINGS WHERE ISSUES ARE, IN PART, NONCORE RELATED AND JURY TRIAL IS DEMANDED

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it two adversary proceedings initiated by Charlyne E. Haden

(Plaintiff or Haden). Adversary Proceeding No. 3–89–0036 was commenced by Haden against the debtor (her brother) and Fifth Third Bank (Bank) by the filing of a complaint on February 15, 1989. Adversary Proceeding No. 3–88–0069 originated by way of a complaint filed February 6, 1985, by Haden against the debtor in the Chancery Court for Sullivan County, Tennessee. The state court proceeding was removed to the Bankruptcy Court on May 9, 1988, pursuant to 28 U.S.C.A. § 1452 (West Supp.1989) and Fed.R.Bankr.P. 9027. The two adversary proceedings were consolidated for trial by an order entered July 13, 1989. Also, on July 13, 1989, an order was entered authorizing John M. Neal, Trustee, to intervene in Adversary Proceeding No. 3–89–0036. Due to the substantially identical nature of the two adversary proceedings, all future discussion in this Memorandum will focus on Haden's complaint filed in Adversary Proceeding No. 3–89–0036.

I

Haden's complaint is grounded upon nine separate counts:[1] Counts I through VII assert state law causes of action against the Bank including fraud, negligent misrepresentation, breach of contract, and negligence; Count VIII asserts objections to the debtor's discharge grounded upon 11 U.S.C.A. § 727(a)(3), (4) and (5) (West 1979); and Count IX requests a determination that any debt found to be owing Haden by the debtor be determined nondischargeable under 11 U.S.C.A. § 523(a)(2)(A) and (4) (West 1979 and Supp.1989).

Haden, alleging joint misconduct by the debtor and the Bank in connection with numerous transactions involving property in which she claims an interest, seeks the following relief: judgment against the Bank for compensatory and punitive damages in the amounts of $10,000,000 each; establishment of a claim against the debtor in the amount of $10,000,000; and a judgment denying the debtor's discharge, or,

alternatively, a determination that her claim against the debtor is excepted from discharge. Haden requests a jury trial on all issues. She consents to the entry of final orders and judgments by the bankruptcy judge. 28 U.S.C.A. § 157(c)(2) (West Supp.1989), discussed *infra.*

The debtor filed his answer to Haden's complaint on May 5, 1989. He did not initially demand a jury. However, in response to an Amended Complaint filed by Haden on July 11, 1989, the debtor, on July 12, 1989, filed an amended answer wherein he demands a jury.

The Bank, on April 14, 1989, filed a motion seeking dismissal of Plaintiff's claims against it averring that the bankruptcy court lacks subject matter and personal jurisdiction. The court, in a Memorandum Opinion filed June 15, 1989, determined that Counts I through VII of Haden's complaint allege some form of joint conduct or intertwined behavior between the Bank and the debtor in which both allegedly acted improperly and in concert. 100 B.R. 973. Accordingly, pursuant to the authority of a number of cases, including *Kelley v. Nodine (In re Salem),* 783 F.2d 626 (6th Cir. 1986), the court found that Counts I through VII of Haden's complaint assert noncore "related" causes of action thus providing the bankruptcy court with jurisdiction to hear Plaintiff's Bank related claims.[2] In its June 15, 1989 Memorandum, the court observed that its determination that Haden's claims against the Bank are cognizable in the bankruptcy court in no way resolves the issue of her entitlement to a jury trial. *In re Edwards,* 100 B.R. at 982.

Subsequent to the entry of this court's order denying its Motion To Dismiss, the Bank, on June 29, 1989, filed its answer. In addition to responding to those claims asserted against it in Counts I through VII of the complaint, the Bank reiterates its contention that the bankruptcy court lacks subject matter jurisdiction. The Bank fur-

---

1. As originally filed, the complaint contained eight counts. A ninth count was added by an Amended Complaint filed July 11, 1989.

2. *See* 28 U.S.C.A. § 157(c)(2) (West Supp.1989), discussed *infra.*

ther states that it does not consent to the entry of final orders and judgments by the bankruptcy judge and demands a jury to try all issues.[3]

This Memorandum is generated sua sponte by the court in an effort to deal with the substantive and procedural quagmire engendered by the Bank's jury demand. The jury demand problem is raised to a constitutional level by the Bank's express lack of consent to the entry of final orders and judgments by the bankruptcy judge. The jury demands by Haden and the debtor appear to pose lesser problems.

## II

An analysis of the June 23, 1989 Supreme Court decision in *Granfinanciera, S.A. v. Nordberg, Creditor Trustee For the Estate of Chase & Sanborn Corp.*, — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) (*Chase & Sanborn*), indicates that the jury demands of Haden and the debtor may be ineffective, notwithstanding that Haden's claims against both the Bank and the debtor may sound in whole or in part in law. Under the authority of *Chase & Sanborn*, Haden, who filed a proof of claim on July 7, 1988, has arguably waived her right to a jury trial.[4] The debtor, by the filing of his bankruptcy petition, voluntarily subjected himself to the equitable powers of the bankruptcy court and, as-suming, *arguendo*, the right to a jury trial in the first instance, he has also arguably

waived that right.[5] No such argument can be made with respect to the Bank's jury demand. It has filed no claim against the debtor's estate and, under the authority of *Chase & Sanborn*, it is entitled to a jury trial under the Seventh Amendment. This court cannot provide that jury trial.

## III

Bankruptcy jurisdiction and procedure, as mandated by Congress through enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 (BAFJA), Pub.L. No. 98–353, is governed by §§ 1334 and 157 of title 28 of the United States Code. Section 1334 provides in material part:

Bankruptcy cases and proceedings

(a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

(c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from

---

**3.** The Bank has not filed an amended answer in response to Plaintiff's Amended Complaint.

**4.** The Supreme Court in *Chase & Sanborn* held that fraudulent conveyance actions were triable at law under the common law and that "the Seventh Amendment entitles [a person who has not submitted a claim against a bankruptcy estate] ... to a trial by jury, notwithstanding Congress' designation of fraudulent conveyance actions as 'core proceedings' in 28 U.S.C. § 157(b)(2)(H)...." — U.S. at —, 109 S.Ct. at 2787. Thus, the core versus noncore dichotomy which has formed the basis some courts have utilized in determining the right to a jury trial in bankruptcy proceedings no longer appears a relevant distinction. Rather, simplistically stated, the controlling issue, for jury trial purposes, now appears to be whether the proceeding is one which sounded in law or in equity at common law. If a proceeding is in-

herently legal in nature and the person has not filed a proof of claim, the Seventh Amendment entitles that person to a jury trial upon demand. The Court specifically declined to rule on whether the Seventh Amendment or Article III allows jury trials in such actions to be held before bankruptcy judges.

**5.** This conclusion is reached through a logical extension of the Court's reasoning in *Chase & Sanborn* without discussion of other factors and authority impacting on the debtor's right to a jury trial. However, this court does not intend its limited discussion of *Chase & Sanborn* to be anything more than a cursory analysis of this far-reaching opinion. This brief commentary is designed to emphasize the dilemma in which the court finds itself. The impact of *Chase & Sanborn* will no doubt lend itself to considerable discussion by scholars and courts in the days ahead.

abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. Any decision to abstain made under this subsection is not reviewable by appeal or otherwise....

28 U.S.C.A. § 1334 (West Supp.1989).

Section 157 provides in material part:

Procedures

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the *bankruptcy judges* for the district.

(b)(1) *Bankruptcy judges* may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

. . . .

(3) The *bankruptcy judge* shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

(4) Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

(5) The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

(c)(1) A *bankruptcy judge* may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

(2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a *bankruptcy judge* to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

(d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C.A. § 157 (West Supp.1989) (emphasis added).

Section 157 of title 28 was enacted by Congress as part of BAFJA in response to *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) (grant of jurisdiction to bankruptcy court "of all civil proceedings arising under title 11 or arising in or related to cases under title 11"

under former § 1471 of title 28 violates Article III of the Constitution). In *Northern Pipeline*, a Chapter 11 debtor commenced a suit seeking damages for alleged breaches of contract and warranty, as well as misrepresentation, coercion and duress. Writing for a plurality of the Court, Justice Brennan noted:

> The distinction between public rights and private rights has not been definitively explained in our precedents. Nor is it necessary to do so in the present cases, for it suffices to observe that a matter of public rights must at a minimum arise "between the government and others." In contrast, "the liability of one individual to another under the law as defined" is a matter of private rights. Our precedents clearly establish that *only* controversies in the former category may be removed from Art. III courts and delegated to legislative courts or administrative agencies for their determination....

458 U.S. at 70–71, 102 S.Ct. at 2870–71 (emphasis in original) (footnotes and citations omitted).

In determining the grant of jurisdiction to bankruptcy courts under former § 1471 of title 28 to be impermissibly broad, Justice Brennan observed:

> [T]he restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case. The former may well be a "public right," but the latter obviously is not. Appellant Northern's right to recover contract damages to augment its estate, is "one of private right, that is, of the liability of one individual to another...."

458 U.S. at 71–72, 102 S.Ct. at 2871–72.

■ The case sub judice, insofar as Haden's claims against the Bank are concerned, likewise involves matters of private rights not involving congressionally created statutory rights. Considering *North-*

*ern Pipeline*, Haden's claims against the Bank cannot be a core proceeding within the scope of 28 U.S.C.A. § 157(b) (West Supp.1989).

Core proceedings, i.e., proceedings involving "the restructuring of debtor-creditor relations," involve matters in which the bankruptcy judge is empowered to enter final orders and judgments. 28 U.S.C.A. § 157(b)(1) (West Supp.1989). A lengthy nonexclusive list of matters which are deemed core proceedings is provided at 28 U.S.C.A. § 157(b)(2) (West Supp.1989). Noncore "related" proceedings, i.e., proceedings which are not core, but which are "otherwise related to a case under title 11," require, in the absence of the party's consent, submission of proposed findings of fact and conclusions of law by the bankruptcy judge to the district court with any final order or judgment entered by the district judge. 28 U.S.C.A. § 157(c)(1) and (2) (West Supp.1989), quoted *supra.*[6] The *Northern Pipeline* prohibition against a grant of jurisdiction to the bankruptcy court of controversies involving private rights is thus theoretically avoided.

■ Proceedings to determine the dischargeability of debts or in opposition to the debtor's discharge, such as are at issue respecting Haden's claims against the debtor, are clearly core proceedings. 28 U.S.C.A. § 157(b)(2)(I) and (J) (West Supp.1989). In its Memorandum filed June 15, 1989, in resolution of the Bank's Motion To Dismiss, the court determined that Haden's claims against the Bank are noncore "related" and are thus cognizable in the bankruptcy court in a manner consistent with the procedures mandated by 28 U.S.C.A. § 157(c)(1) and (2) (West Supp.1989). The Bank has not consented to the entry of final orders and judgments by the bankruptcy judge. Therefore, § 157(c)(1) of title 28 requires the bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court. The district judge then enters any final order or judgment after consideration of the record and upon de novo review of those matters

---

**6.** This court discussed in some detail the distinction between core and noncore proceedings in its June 15, 1989 Memorandum on the Bank's Motion To Dismiss. 100 B.R. 973.

to which specific objections have been filed by any party.

Procedurally, § 157(c)(1) is implemented by Bankruptcy Rule 9033 which provides in material part:

Review of Proposed Findings of Fact and Conclusions of Law in Non–Core Proceedings

(a) Service

In non-core proceedings heard pursuant to 28 USC § 157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law. The clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.

(b) Objections: Time for Filing

Within 10 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection. A party may respond to another party's objections within 10 days after being served with a copy thereof. A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record....

. . . .

(d) Standard of Review

The district judge shall make a de novo review upon the record or, after additional evidence, of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the proposed findings of fact or conclusions of law, receive further evidence, or recommit the matter to the bankruptcy judge with instructions.

Fed.R.Bankr.P. 9033.

## IV

There has been a split of authority regarding the right to a trial by jury in a bankruptcy court subsequent to the enactment of BAFJA. 28 U.S.C.A. § 1411(a) (West Supp.1989) provides: "[T]his chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim."

Some courts have indicated that § 1411(a) only preserves the right to a jury trial in bankruptcy to personal injury and wrongful death claims.[7] *Canadian Shield Financial Corp., Ltd. v. Estate of Deutscher (In re Vincent)*, 68 B.R. 865 (Bankr.M.D.Tenn.1987) (where cause of action is not a personal injury claim or wrongful death claim, there is no right to jury trial in a core proceeding); *Camerion v. Anderson (In re American Energy, Inc.)*, 50 B.R. 175 (Bankr.D.N.D.1985) (related noncore proceeding cannot be heard by a bankruptcy judge if a jury trial is requested).

Other courts have held that § 1411(a) neither expressly prohibits nor permits jury trials by the bankruptcy court; hence, the bankruptcy court by implication has the power to conduct such a trial. *Lerblance v. Rodgers (In re Rodgers & Sons, Inc.)*, 48 B.R. 683, 687 (Bankr.E.D.Okla.1985) ("[A] bankruptcy judge has the implied power to conduct jury trials in all instances where such right exists except the expressly excluded limited class of personal injury or wrongful death claims"); *Energy Resources Co., Inc. v. Rosen (In re Energy Resources Co., Inc.)*, 49 B.R. 278 (Bankr.D. Mass.1985) (right to jury trial in bankruptcy case hinges on the nature of the cause of action, i.e., whether claim is legal or equitable).

This court, in decisions rendered prior to *Chase & Sanborn*, has held that no right to a jury trial exists in core proceedings involving the trustee's avoidance powers under Bankruptcy Code §§ 544(b) and 547. *See Martin, Trustee v. C.H. Butcher, Jr. (In re Butcher)*, Adv. No. 3–86–0184, slip op., (Bankr.E.D.Tenn. Nov. 10, 1987), 1987 WL60302, and *O'Connor, Trustee v. Bisceglia (In re Gardner)*, 105 B.R. 17 (Bankr.E.

7. *See* 28 U.S.C.A. § 157(b)(5), quoted *supra.*

D.Tenn.1988). *See also In re Vincent*, 68 B.R. at 870 (Bankr.M.D.Tenn.1987).

Another court has held that Congress did not intend to authorize bankruptcy judges to conduct jury trials in related proceedings:

> The 1984 Amendments do not specifically address the use of juries in any kind of bankruptcy proceeding. Although the circumstances surrounding the enactment of the 1984 Amendments lead to the conclusion that Congress wished to delegate powers as broad as constitutionally permissible under *Northern Pipeline*, the jurisdictional provision for noncore proceedings by its terms envisions a bench trial rather than a trial by jury. *See* 28 U.S.C. § 157(c)(1). The bankruptcy judge is required to make proposed findings and conclusions of law to the district court. There is no evidence in the legislative history that Congress intended to change the jury practices as they now are in the district courts to require a jury to make extensive findings of fact. Furthermore, the provisions for *de novo* review seem incompatible with the concept of a right to a jury trial. If a jury must find on all issues, then a judge cannot reverse their findings. Instead, if the district court judge decides to reject any findings of fact, it would seem that he must submit the disputed issues to yet another jury. Such a course would appear to waste judicial resources. Since the procedures governing non-core proceedings are antithetical to a Congressional intent to authorize jury trials in such proceedings and in the absence of any direct authorization, the Bankruptcy Court is not authorized to conduct a jury trial in this non-core proceeding.

*Pied Piper Casuals, Inc. v. Ins. Co. of the State of Pa.*, 72 B.R. 156, 159–60 (Bankr.S. D.N.Y.1987) (footnote and citation omitted).

Bankruptcy Judge William H. Brown has concluded that the bankruptcy court is not empowered to conduct jury trials either in core or noncore proceedings. *Weeks v. Kramer (In re G. Weeks Securities, Inc.)*, 89 B.R. 697 (Bankr.W.D.Tenn.1988). Judge Brown observes that the statutory language set forth in 28 U.S.C.A. § 157(a), (b) and (c) (West Supp.1989) provides for reference of title 11 cases and proceedings by the district court to the "bankruptcy judges" with the "bankruptcy judges" to hear and determine core and noncore proceedings in conformity with the procedures mandated by the statute. He argues persuasively that the statutory reference to "bankruptcy judges" rather than bankruptcy courts suggests a Congressional intent that all proceedings before bankruptcy judges be conducted by way of bench trials. *In re Weeks*, 89 B.R. at 709.[8] The court is persuaded that this Congressional intent is even more clearly manifested at 28 U.S.C.A. § 151 (West Supp.1989), which provides in material part:

> Each *bankruptcy judge* ... may exercise the authority conferred under ... [28 U.S.C.A. §§ 151, *et seq.* (West Supp. 1989) ] with respect to any action, suit, or proceeding....

Judge Brown further contrasts the method of appointment, jurisdiction, and powers of the United States Magistrates as prescribed under 28 U.S.C.A. § 636 (West Supp.1989) as "unique from those attributes of the bankruptcy court." *In re Weeks*, 89 B.R. at 714. As Judge Brown notes, United States Magistrates are permitted by statute to "conduct any or all proceedings in a jury or non-jury civil matter" upon consent of the parties when "specially designated to exercise such jurisdic-

---

**8.** The language of § 157 of title 28 in referring to "bankruptcy judges" should be compared to the language of 28 U.S.C.A. § 1334 (West Supp. 1989) which vests jurisdiction of bankruptcy cases and proceedings in the "district courts." Further, the language of § 157 should also be contrasted with the language of former § 1471 of title 28 which contained the original jurisdictional grant of title 11 cases and proceedings

under the Bankruptcy Code of 1978. Section 1471 provided for the "bankruptcy court" to "exercise all of the jurisdiction conferred ... on the district courts." The change in statutory language subsequent to *Northern Pipeline* from "bankruptcy court" to "bankruptcy judge" appears, in this court's opinion, to be more than just facially significant.

tion by the district court." 28 U.S.C.A. § 636(c)(1) (West Supp.1989). No comparable language exists in 28 U.S.C.A. § 157 (West Supp.1989) or elsewhere. Thus, Judge Brown concludes:

> Arguably, Congress could have clearly specified that the bankruptcy courts are *not* authorized to conduct jury trials. It is a more compelling argument ... that Congress could easily have expressed its intention that the bankruptcy courts *were* authorized to conduct such trials. The absence of that positive expression and the presence of statutory language to the contrary, coupled with *Marathon* limits placed on this Court's authority makes it clear ... that Congress did not authorize jury trials in the bankruptcy courts.

*In re Weeks*, 89 B.R. at 714 (emphasis in original).[9]

The cases cited herein are illustrative of the cases which abound in the jury trial controversy. It is clear that "when a party properly requests a jury trial of a noncore proceeding, an insoluble jurisdictional mess occurs in the bankruptcy court." *Carr v. Michigan Real Estate Insurance Trust (In re Michigan Real Estate Insurance Trust)*, 87 B.R. 447, 460 (Bankr.E.D.Mich. 1988) (footnote omitted).[10]

▆ The Supreme Court's decision in *Chase & Sanborn* appears to negate the importance of the distinction between core and noncore for purposes of determining whether the right to a jury trial exists. The decision, however, merely shifts the emphasis of the bankruptcy judge's inquiry. If a proceeding is inherently one at law under the common law as it existed in eighteenth century England, the right to a jury trial exists under the Seventh Amendment. *Chase & Sanborn*, 109 S.Ct. at 2790. This rule is, however, subject to an exception when the person has subjected himself/herself to the equitable powers of the bankruptcy court through the filing of a proof of claim. 109 S.Ct. at 2799, n. 14. On the other hand, if a proceeding was inherently equitable under the common law, if the person has filed a claim, or if the action is "integral to the restructuring of debtor-creditor relations," the right to a jury trial does not exist in the bankruptcy court. 109 S.Ct. at 2790–91, 2799. A question left conspicuously unresolved by *Chase & Sanborn* is whether those proceedings in bankruptcy warranting a jury trial may be tried by the bankruptcy judge or must be tried in the district court by an Article III judge. *See* note 9, supra.

It is apparent to this court that the Bank is constitutionally entitled to a jury trial. While 28 U.S.C.A. § 157(c)(1) (West Supp. 1989) permits the bankruptcy judge to hear a noncore "related" proceeding, it also requires the bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court. Thus, a procedure incompatible with the conduct of a jury trial is mandated. *See* Fed.R.Civ.P. 52, incorporated into Fed.R.Bankr.P. 7052. Further, and of greater significance, is the Bank's lack of consent to the entry of final orders and judgments by the bankruptcy judge. Under the provisions of 28 U.S.C.A. § 157(c)(2) (West Supp.1989), the district court reviews de novo proposed findings of fact and conclusions of law in a noncore "related" proceeding. In the instant matter, a jury trial in this court, if permissible, would be merely advisory. A second jury trial would thus be necessary in the district court if either party objects to the results proposed by this court. *See Mohawk Indus., Inc. v. Robinson Indus., Inc.*, 46 B.R. 464 (Bankr.D.Mass.1985). A potential de novo review by a district court raises additional constitutional issues relative to the finality of factual findings by a jury. Such a scenario could be construed as violative

---

9. *In re Weeks*, to some degree, relies upon the authority of *Nordberg v. Granfinanciera, S.A. (In re Chase & Sanborn Corp.)*, 835 F.2d 1341 (11th Cir.1988), rev'd — U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). However, the vitality of *In re Weeks* is not vitiated by the Supreme Court's opinion in *Chase & Sanborn*. *In re Weeks* ana-

lyzes the issue of whether a jury trial can appropriately be held before the bankruptcy judge. The Supreme Court in *Chase & Sanborn* declined to address this issue. 109 S.Ct. at 2802.

10. Judge Spector's statement can now be broadened to include a core proceeding.

of the second clause of the Seventh Amendment which provides:

[N]o fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of common law.

One court has noted:

[T]he second clause of the seventh amendment prohibits any reexamination of facts tried by a jury, except as permitted at common law. The restrictive jury review provision of the second clause of the seventh amendment must be considered when reading 28 U.S.C. § 157(c)(1), requiring the district court to make a *de novo* review of all non-core proceedings heard by the bankruptcy court. The seventh amendment prohibits the district court from conducting a second jury trial and a *de novo* review of the jury's verdict. It makes no practical sense to allow a bankruptcy judge to conduct a jury trial in a non-core proceeding when the bankruptcy judge lacks the ability to enter a final judgment.

*American Community Services, Inc. v. Wright Marketing, Inc. (In re American Community Services, Inc.)*, 86 B.R. 681, 689 (Bankr.D.Utah 1988) (emphasis in original).

## V

This court finds itself confronted with a complaint filed against the debtor and a third party raising both core and noncore issues in which all parties demand a jury. Arguably, the claims asserted by Haden against the debtor and the Bank are not triable by a jury for a number of reasons: (1) Haden's claims against the debtor are inherently equitable and thus no right to a jury trial exists by statute or under the Seventh Amendment; (2) Haden's claims against the debtor are "integral to the restructuring of debtor-creditor relations" (*Chase & Sanborn*, 109 S.Ct. at 2799); or (3) under the authority of *Chase & Sanborn* both Haden and the debtor have voluntarily subjected themselves to the equitable power of the bankruptcy court thus waiving their right to a jury trial. On the other hand, the Bank clearly has a constitutional right to a jury trial as to the noncore

"related" claims asserted against it by Haden. However, the Bank has not consented to the entry of final orders and judgments by the bankruptcy judge and there are, therefore, constitutional, statutory, and procedural impediments to a jury trial in the bankruptcy court. This court is persuaded that it is not empowered to conduct a jury trial in a noncore "related" proceeding where one of the parties has not consented to the entry of final orders and judgments by the bankruptcy judge. Although the issue is not directly before the court, this court is not convinced that it is vested with authority to conduct a jury trial even if consent had been given by the Bank.

■ The problem is compounded in that the facts underlining Haden's claims against the Bank and the debtor are inseparably intertwined. The claims for purposes of judicial economy should be tried together. Were it otherwise, the court might recommend abstention under 28 U.S.C.A. § 1334(c) (West Supp.1989) as to Haden's state law causes of action against the Bank and retain her dischargeability claims against the debtor. The complexity of the transactions complained of by Haden, together with the common proof required to support her claims against both the Bank and the debtor, dictates that all matters be heard together.

28 U.S.C. § 1334(c) (West Supp.1989) contemplates sua sponte withdrawal of the reference by the district court or, alternatively, the filing of a motion to withdraw the proceeding by a party to the proceeding. Fed.R.Bankr.P. 5011 governs the procedure to be followed when a party files a motion. The sua sponte action of this court is necessitated by the non-occurrence of either of the two events described above together with the court's determination that it cannot conduct the jury trial to which the Bank is entitled.

## VI

For the reasons set forth herein, the court recommends that these adversary proceedings be withdrawn by the district

court. An order will be entered directing the clerk to mail or deliver this Memorandum and Recommendation to the district court with a copy to all counsel. This court abstains from proceeding with the trial of these adversary proceedings pending orders from the district court.