Ortansa **MICHAELESCO,**

v.

**Joelle SHEFTS and Robert Carr, Executors of the Estate of Bernice P. Richard.**

**No. 3:03 MC 255(SRU).**

United States District Court, D. Connecticut.

Jan. 6, 2004.

Ortansa Michaelesco, Fairfield, CT, pro se.

Elizabeth J. Austin, Pullman & Comley, Bridgeport, CT, for Defendant.

## RULING AND ORDER

UNDERHILL, District Judge.

Chapter 13 debtor, Ortansa Michaelesco ("Michaelesco"), filed a Motion to Withdraw the Reference of her adversary proceeding currently pending in the bankruptcy court (the "Adversary Proceeding"). Michaelesco seeks a trial by jury in this court. The defendants, Joelle Shefts and Robert Carr, in their capacities as Executors of the Estate of Bernice P. Richard (collectively the "defendants"), oppose Michaelesco's motion primarily on the ground that the motion is untimely. For the following reasons, Michaelesco's motion (doc. # 1) is GRANTED.

## I. BACKGROUND

Michaelesco is the debtor in a Chapter 13 bankruptcy. In May 2001, she initiated *pro se* an adversary proceeding against the Estate of Bernice P. Richard ("the Estate"), alleging "a direct right to payment for services she performed for the defendants from September 1985 through early 1995 and an indirect right to be paid for the professional and domestic services she performed for her architect non-debtor husband on that project." *In re Michaelesco*, 276 B.R. 39, 41 (Bankr.D.Conn.2002). On June 15, 2001, the Estate moved to dismiss Michaelesco's adversary proceeding on multiple grounds, including that the Estate lacked the capacity to be sued. (Doc. # 4). In response, Michaelesco moved to include the executors of the Estate as party defendants. (Doc. # 37). On April 17, 2002, the Bankruptcy Court dismissed the matter, in relevant part, because the Estate was not a legal entity that could be sued under Connecticut law. *In re Michaelesco*, 276 B.R. 39 (Bankr.

D.Conn.2002). Michaelesco appealed, and on February 6, 2003, District Judge Janet B. Arterton remanded the matter to the Bankruptcy Court, instructing it to rule on Michaelesco's motion to join the executors of the Estate, because joinder of the executors would cure the capacity issue. *See In re Michaelesco,* 288 B.R. 646, 654 (D.Conn.2003). Thereafter, Michaelesco was permitted to name the executors as party defendants and, on June 11, 2002, Michaelesco moved to withdraw the reference in order to have a jury trial in this court.

## II. DISCUSSION

### A. *Standard for Withdrawal of the Reference*

■ District courts have original jurisdiction over all civil proceeding arising under Title 11 of the United States Code. 28 U.S.C. § 1334(b). Each district court may provide that any or all cases or claims arising in or relating to bankruptcy matters may be referred to the bankruptcy judges for the district. In this District, by standing order issued pursuant to 28 U.S.C. § 157(a),[1] the district court refers all cases arising under Title 11 to the Bankruptcy Court. *See* General Order of Reference (Sept. 21, 1984). The statute authorizing reference of cases and claims to the bankruptcy court also provides that the district court may withdraw the reference "for cause shown." 28 U.S.C. § 157(d).[2] Because 28 U.S.C. § 157 does not define the term "cause," the Second Circuit requires district courts to examine a number of factors when determining whether to withdraw a matter from the

bankruptcy court. Some of the relevant factors in a court's determination of "cause" include: (1) whether the claim is core or non-core, (2) the presence of a jury demand, (3) uniform bankruptcy administration, (4) reduction of forum shopping, (5) delay and costs to the parties, (6) expediting the bankruptcy process, and (7) judicial economy. *In re Kenai Corp. v. National Union Fire Insurance Co.,* 136 B.R. 59, 61 (S.D.N.Y.1992); *In re Orion Pictures Corp. v. Showtime Networks,* 4 F.3d 1095, 1101 (2d Cir.1993).

### B. *Core v. Non–Core*

■ A determination of whether a proceeding is a core proceeding under Title 11 depends on the nature of the proceeding. *In re Best Products Co.,* 68 F.3d 26, 31 (2d Cir.1995); *see also O'Neill v. New England Road, Inc.,* 2000 WL 435507 (D.Conn.2000) (citing *Wechsler v. Squadron, Ellenoff, Plesent, & Sheinfeld LLP,* 201 B.R. 635, 639 (S.D.N.Y.1996)). A nonexclusive list of core matters set forth in 28 U.S.C. § 157(b)(2) includes: (1) matters concerning the administration of the debtor's estate; (2) allowance or disallowance of claims against the estate; (3) counterclaims by the estate against persons filing claims against the estate; (4) orders to turn over property of the estate; (5) proceedings to determine, avoid, or recover fraudulent conveyances; (6) determinations regarding the dischargeability of particular debts; and (7) determinations of the validity, extent, or priority of liens. Moreover, a matter not included in the statutory list of core proceedings may be

---

**1.** Section 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

**2.** Section 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).

deemed core if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case. *See Brooks Fashion Stores, Inc. v. Michigan Employment Sec. Comm'n,* 124 B.R. 436 (Bankr.S.D.N.Y.1991) (citing *In re Wood,* 825 F.2d 90, 97 (5th Cir.1987)).

■ It is important to determine whether the matter is core or non-core because the bankruptcy court may issue final orders and judgments only with respect to core matters. *See* 28 U.S.C. § 157(b)(1); *In re Ben Cooper, Inc.,* 896 F.2d 1394, 1402 (2d Cir.1990), *vacated and remanded,* 498 U.S. 964, 111 S.Ct. 425, 112 L.Ed.2d 408 (1990), *reinstated,* 924 F.2d 36 (2d Cir.1991), *cert. denied,* 500 U.S. 928, 111 S.Ct. 2041, 114 L.Ed.2d 126 (1991). Conversely, with respect to non-core matters, the bankruptcy court may not issue final orders unless the parties consent. *See* 28 U.S.C. § 157(c). If one of the parties does not consent, the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court. Then the district judge enters a final order of judgment after considering the bankruptcy judge's proposed findings and conclusions and after "reviewing *de novo* those matters to which any party has timely and specifically objected." *Pied Piper Casuals Inc. v. Insurance Company of the State of Pennsylvania,* 72 B.R. 156, 158 (S.D.N.Y. 1987). In light of the *de novo* review and the potential for both the bankruptcy court and the district court to hear the same matter, the Second Circuit instructs district courts to first "evaluate whether the claim is core or non-core, since it is upon that issue that questions of efficiency and uniformity will turn. For example, the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given

case unnecessary costs could be avoided by a single proceeding in the district court." *In re Orion,* 4 F.3d at 1101.

■ "The threshold core/non-core evaluation also determines the relevance of parties' jury trial right to deciding a motion to withdraw the reference." *Id.* With respect to non-core issues, the bankruptcy court is unable to conduct jury trials without the parties' consent. *Id.* (holding that the constitution prohibits bankruptcy courts from holding jury trials in non-core matters). Accordingly,"[i]f a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference." *Id.; see also Pied Piper Casuals,* 72 B.R. at 159; *Interconnect Telephone Services, Inc. v. Farren,* 59 B.R. 397, 399 (S.D.N.Y.1986).

In the present case, both parties agree that the proceeding is non-core because pre-bankruptcy petition breach of contract actions may never be considered core claims. *In re Orion,* 4 F.3d at 1102 (explaining that a pre-petition contract action may not be finally adjudicated by a non-Article III judge) (citing *Beard v. Braunstein,* 914 F.2d 434, 443 (3d Cir.1990)); *cf. In re O'Sullivan's Fuel Oil Co.,* 88 B.R. 17, 20 (D.Conn.1988) (noting that post-petition proceedings, where no cause of action existed on the date of filing the petition, are core proceedings because they arose "in a case."). There is also no dispute that Michaelesco filed a timely jury demand. Rather, the defendants argue that the court should not withdraw the reference because Michaelesco's motion is untimely. Specifically, they argue that Michaelesco unnecessarily waited over two years to file the motion to withdraw the reference. Consequently, the defendants argue that it is a waste of judicial resources to take the matter away from the bankruptcy court

when the bankruptcy court is familiar with the case, has ruled on some of the preliminary motions, has supervised discovery, and has scheduled the case for trial.

### C. Timeliness

■ "The appropriateness of removal of the case to a district court for trial by jury, on asserted Seventh Amendment grounds, will become a question ripe for determination if and when the case becomes trial ready." *In re Adelphi Institute, Inc.*, 112 B.R. 534, 538 (S.D.N.Y. 1990). That is, "[t]he reference will not extend [sic] beyond the point where the matter is ready for trial or dispositive motions, if that eventuality should occur." *In re Wedtech Corp. v. Banco Popular de Puerto Rico*, 94 B.R. 293, 297 (S.D.N.Y. 1988) (denying motion to withdraw reference in a non-core proceeding in which a jury demand was made because the case was still at the pretrial stage); *In re Adelphi Institute, Inc.*, 112 B.R. at 539 (same); *In re Enron Corp.*, 2003 WL 22171695 (S.D.N.Y.2003) (same); *In re Kenai Corp. v. National Union Fire Insurance Co.*, 136 B.R. 59 (S.D.N.Y.1992) (denying motion to withdraw reference in a non-core proceeding in which a jury demand was made because it was not clear the case was

ready to proceed to trial). Generally district courts look to conserve judicial resources by permitting the bankruptcy court to conduct discovery and rule on pretrial motions; the district court becomes involved, if necessary, only when it is clear that the case is going to trial. In the present case, the matter is scheduled for trial on January 29, 2004. Accordingly, Michaelesco's motion to withdraw the reference will not be denied as untimely.

### D. Whether other factors weigh in favor of withdrawing the reference

■ "After the district court determines whether a proceeding is core or non-core, the court 'should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors.' " *O'Neill*, 2000 WL 435507, at *3 (quoting *In re Orion*, 4 F.3d at 1101). For the most part, all of these factors support withdrawing the reference. Although the bankruptcy court is familiar with this case, taking into consideration's Michaelesco's right to a jury trial,[3] the presence of a jury demand, judicial economy,[4] delay and costs to the parties,[5] and the uniformity of bank-

---

3. "If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference." *In re Orion*, 4 F.3d at 1101–02; *see also In re Daewoo Motor America, Inc. v. Gulf Insurance Co.*, 302 B.R. 308 (C.D.Cal. 2003) ("[W]here there is a right to jury trial in a non-core matter, that factor may weigh heavily in favor of withdrawing the reference . . . .").

4. In the present case, because the case is ready to proceed to trial, the issue of judicial economy weighs in favor of withdrawing the reference. *See In re Orion*, 4 F.3d at 1102 (noting that judicial economy is preserved by not withdrawing the reference if the case is unlikely to reach trial, if the case requires

protracted discovery or if court oversight is still necessary prior to the trial); *see also Wedtech Corp.*, 94 B.R. at 297 (indicating the appropriateness of withdrawing a non-core matter in which a jury demand is made at the conclusion of pre-trial proceedings).

5. If the bankruptcy court hears the non-core issue only to have the district court review the issue, this will delay the resolution of the underlying contractual dispute. *See In re Orion*, 4 F.3d at 1101 ("[T]he fact that a bankruptcy court's determination of non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court."). In addition, because all of the discovery that has occurred while this action has

ruptcy administration,[6] the reference should be withdrawn.

## III.  CONCLUSION

Under the facts and circumstances of this case, Michaelesco's motion to withdraw the bankruptcy reference (doc. # 1) is GRANTED.

It is so ordered.

been proceeding in bankruptcy court may be used if the action is removed to the district court, withdrawal will not unduly delay this case. *Interconnect Telephone Services, Inc.,* 59 B.R. at 402.

6.  Because the instant dispute is non-core, it is not likely to have much impact on the uniformity of bankruptcy administration. *In re* *Lawrence Group, Inc. v. Hartford Casualty Insurance Co.,* 285 B.R. 784 (N.D.N.Y.2002). Similarly, because this action does not involve issues and claims similar to those asserted in other cases, there is minimal impact on the uniform administration of bankruptcy court proceedings. *See In re Enron Corp.,* 2003 WL 22171695 at *2.