*Hart v. Commissioner,* 730 F.2d 1206, 1208 (8th Cir.1984) (per curiam).

Under the circumstances of this case, we find that the Tax Court did not abuse its discretion. Appellant has offered no reason other than his unsubstantiated claim of inability to pay travel expenses to excuse his failure to comply with the production order.

Apparently, appellant did bring some documents to trial on September 19. However, as the Commissioner points out, appellant did not seek a postponement of trial and his untimely offer of the documents at trial defeats the purpose of pretrial discovery.

Accordingly, the order of the Tax Court is affirmed.

**Horace LEACH, Dora Leach and Kim Leach, Appellants,**

v.

**FEDERAL CROP INSURANCE CORPORATION and James Young, Appellees.**

**No. 84–1283.**

United States Court of Appeals, Eighth Circuit.

Submitted May 31, 1984.

Decided Aug. 21, 1984.

George W. Proctor, U.S. Atty. by Richard M. Pence, Jr., Asst. U.S. Atty., Little Rock, Ark., for appellees.

Robert M. McHenry, McHenry & Skipper, Little Rock, Ark., for appellants.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Horace, Dora and Kim Leach appeal from the district court's dismissal of their breach of contract action against the Federal Crop Insurance Corporation (FCIC) for want of jurisdiction. We affirm.

The Leaches contracted with the FCIC for coverage of their soybean crop. After losing much of their 1981 crop, the Leaches sought indemnity from FCIC which was refused because the Leaches allegedly failed to comply with certain contract provisions. On November 24, 1982 the Leaches sued FCIC and its agent in Arkansas state court, alleging among other things that FCIC failed to train its agents properly. In March, 1983 FCIC removed the case to federal court pursuant to 28 U.S.C.

§§ 1441, 1442 and 1446(b). On November 14, 1983 FCIC moved for summary judgment, arguing that, because removal jurisdiction is derivative and the state court lacked jurisdiction, the district court could not acquire jurisdiction.

The Supreme Court has declared that removal jurisdiction is

a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.

*Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939). *See also Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, ——, 103 S.Ct. 2841, 2854 n. 27, 77 L.Ed.2d 420 (1983); *Arizona v. Manypenny,* 451 U.S. 232, 242 n. 17, 101 S.Ct. 1657, 1665 n. 17, 68 L.Ed.2d 58 (1981); *Koppers Co. v. Continental Casualty Co.,* 337 F.2d 499, 501–02 (8th Cir.1964); *Elledge v. City of Hannibal,* 573 F.Supp. 1040, 1043 (E.D. Mo.1983). Because FCIC's enabling legislation provides for exclusive jurisdiction of United States district courts over all litigation involving FCIC, 7 U.S.C. § 1506(d), the Arkansas courts never had jurisdiction over the action, and the federal courts never could acquire jurisdiction by removal. Thus, dismissal of the action without prejudice to refiling in a United States district court was entirely correct.[1]

The judgment of the district court is affirmed.

---

**1.** We need not reach, and do not reach, the Leaches' contentions on appeal that the original filing of the action in state court tolled the applicable statute of limitations contained in 7 U.S.C. § 1508(c). The district court here did not rule on that issue but relied instead on the concepts of derivative removal jurisdiction outlined in text. Arguments relating to alleged tolling of the statute of limitations are best addressed first by the district court if and when appellants choose to refile their suit in that court.