**Thomas GERMAIN, Trustee for the Estate of O'Sullivan's Fuel Oil Co., Inc.**

v.

**The CONNECTICUT NATIONAL BANK.**

**Civ. No. H–89–663 (PCD).**

United States District Court,
D. Connecticut.

March 22, 1990.

Howard Labiner, Vincent J. Beirne, Beirne, Germain & Labiner, Hartford, Conn., for debtor.

Thomas M. Germain, Law Office of Thomas M. Germain, Hartford, Conn., Trustee.

Robert Izard, Janet C. Hall, Robinson & Cole, Hartford, Conn., for Connecticut Nat. Bank.

## RULING ON BANKRUPTCY APPEAL

DORSEY, District Judge.

On September 6, 1989, Judge Krechevsky, Chief Bankruptcy Judge, denied CNB's motion to strike the trustee's request for trial by jury in an adversary proceeding and, since both parties agreed that the bankruptcy court had no authority to conduct a jury trial, he directed the parties to take appropriate steps to remove the proceeding from the bankruptcy court, 103 B.R. 388. On November 14, 1989, this court granted CNB's motion for leave to appeal Judge Krechevsky's ruling.

The following are the facts and procedural history as set forth by the bankruptcy court. As they are not contested, they will be adopted for the purposes of this appeal. Debtor, O'Sullivan's Fuel Oil, Inc., filed a voluntary Chapter 11 petition on January 18, 1984. The case was converted to a proceeding under Chapter 7 on July 30, 1986, and a trustee was appointed. On June 1, 1987, the trustee commenced suit against CNB in Superior Court claiming that CNB is liable to the estate in money damages for willful interference with the debtor's business, collusion and duress, fraudulent misrepresentation, violation of RICO, breach of obligation to act in good faith, and violation of CUTPA.

Trustee's claim alleged that: The debtor was in the business of selling fuel oil to retail accounts. During 1981, debtor borrowed $500,000 from First Bank, which merged with CNB in March 1984. First Bank received a mortgage lien on the debtor's fuel oil storage facility as security. CNB has filed a proof of claim in the bankruptcy proceedings. Starting in November 1983, approximately two months prior to the filing of the debtor's bankruptcy petition, First Bank undertook to exercise control of the debtor in order to serve First Bank's own interests. First Bank demanded that one James Tisdale be placed in control of the debtor's business and recommended that debtor file a Chapter 11 petition utilizing a law firm selected by the bank. After the filing of the petition, First Bank or CNB required the debtor to replace its insurance agency; insisted that Tisdale and his brother remain in control of debtor's business when they had no competence to operate the business and wasted its assets; resisted shareholder efforts to oust the Tisdales by threatening to terminate financing and force the business to close; encouraged the organization of a successor corporation by the Tisdales to take over debtor's assets; and misused court-approved financing to satisfy its prepetition debt. These actions continued until the Tisdales relinquished control in August 1984.

CNB removed the trustee's action to bankruptcy court on July 15, 1987. *See* 28 U.S.C. § 1452; Bankruptcy Rule 9027. After CNB answered, the trustee filed a timely request for a jury trial. This court subsequently dismissed the trustee's RICO claim, approved Judge Krechevsky's recommendation that the proceeding in issue is a core proceeding as it arose, for the most part, in a bankruptcy proceeding under Chapter 11, and denied the trustee's motion to withdraw the reference.

CNB then moved to strike the trustee's demand for a jury trial. Judge Krechevsky determined that the trustee has a right to a jury trial in an adversary proceeding he commenced in state court to recover monetary damages for torts and contract violations allegedly committed by CNB and First Bank, post-petition, and denied CNB's motion to strike. He also ordered the parties to remove the case from the bankruptcy court based on their agreement that the bankruptcy court has no authority to conduct such a jury trial.

*Discussion*

■ CNB argues that the estate, acting through a Chapter 7 trustee, has no right to a jury trial when it sues a creditor who has filed a proof of claim on the basis of the creditor's post-petition misconduct

while the case was subject to the jurisdiction and supervision of the bankruptcy court. Thus CNB contends that this case arises out of the restructuring of debtor/creditor relations in the bankruptcy proceeding and should be tried by the bankruptcy court, not a jury.

Judge Krechevsky relied primarily on *Granfinanciera, S.A. v. Nordberg*, 492 U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), in holding that the trustee has a right to a jury trial under the Seventh Amendment. In that case, the trustee sued petitioners in the bankruptcy court seeking to avoid allegedly fraudulent transfers to them by the bankrupt corporation. The bankruptcy code designates such fraudulent conveyance actions as "core proceedings" which may be adjudicated by the bankruptcy court. 28 U.S.C. § 157(b)(2)(H). The Supreme Court held that at common law parties to a fraudulent conveyance action were entitled to a jury trial and that Congress, in designating such as a "core" proceeding, could not eliminate a party's Seventh Amendment right to a jury trial.

Whether petitioners had a Seventh Amendment right to a jury trial requires a two step analysis. First, the court must determine whether the cause of action would have been tried to a jury at common law and if so, whether the remedy sought is legal rather than equitable in nature. Second, the court must consider "whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder."

That the action has been designated as "core" is not controlling. The Supreme Court undertook a "public rights-private rights" analysis to resolve the second element. If the cause implicates a public right, Congress can deny the parties a jury trial without violating the Seventh Amendment. Public rights are defined as "statutory rights that are integral parts of a public regulatory scheme and whose adjudication Congress has assigned to an administrative agency or specialized court of equity." *Granfinanciera*, 109 S.Ct. at 2797

& n. 10; *see Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982) (Article I courts can adjudicate claims at the core of bankruptcy because such claims are public rights, and central to Congress' constitutional bankruptcy power). If a private right is involved, Congress cannot affect the party's Seventh Amendment right to a jury trial. A private right is defined as "the liability of one individual to another under the law as defined," such as "[w]holly private tort, contract, and property cases." *Granfinanciera*, 109 S.Ct. at 2795 & n. 8.

CNB contends since the trustee's claims arise out of the alleged mishandling of the post-petition administration of the bankruptcy estate, they require a determination of equitable rights arising during the course of the bankruptcy proceedings and thus are not claims at law within the meaning of the Seventh Amendment. Judge Krechevsky held that the trustee's "complaint, bottomed on allegations of tort and contract violation, seeks money damages and presents a legal claim triable before a jury." Ruling on Motion to Strike at 8. CNB concedes that monetary damages are generally a legal remedy and that the state law claims appear on their face to be legal in nature. However, it contends that resolution of the claims would require not only a working knowledge of bankruptcy law but also application of bankruptcy law.

That the alleged misconduct arose post-petition, while the case was under the jurisdiction and supervision of the bankruptcy court, does not transform the estate's claims into ones arising under the bankruptcy court's equitable jurisdiction. The trustee is not challenging the administration of the bankruptcy proceeding but contends that CNB and its predecessor First Bank exercised unlawful influence and control over the debtor to its advantage and to the detriment of the debtor. Although the estate's claims will have to be considered in the context of a bankruptcy proceeding, it does not strip them of their legal nature.

CNB next argues that this case is distinguishable from *Granfinanciera* because

the estate, not the creditor, is the party claiming a jury trial. Judge Krechevsky dealt with this argument by asserting that he saw "no logical basis for denying a plaintiff bankruptcy trustee the same right to claim a jury trial otherwise available to a defendant in the litigation." Ruling on Motion to Strike at 8. CNB argues that *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), vests the bankruptcy court with full authority to adjudicate the trustee's claims under its equitable jurisdiction. In *Katchen,* a creditor who filed a proof of claim against the estate claimed that he was entitled to have the estate's preference action against him adjudicated before a jury. The Supreme Court reasoned that by submitting a claim against the bankruptcy estate, creditors subject themselves to the courts equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature.

CNB argues that since it has filed a proof of claim, the trustee is barred from claiming a jury trial on its counterclaims. CNB, however, misconstrues the nature of the trustee's claims and their relationship to its proof of claim. In *Katchen,* the trustee objected to allowance of the creditor's claim and brought an action to surrender a preference allegedly held by the creditor. The objection to the creditor's proof of claim was based solely on his receipt of the allegedly voidable preference. *Katchen,* 382 U.S. at 330, 86 S.Ct. at 473. Thus the allowance of the claim was necessarily tied to resolution of the preference issue. In this case, the trustee's claims are not necessary to the determination of CNB's proof of claim. The trustee asserts that he has not objected to CNB's claim, nor challenged the validity of the notes underlying the proof of claim. Rather, he is seeking damages against CNB with respect to its post-petition conduct in an effort to increase the size of the estate.

CNB also argues that the estate, and the trustee as its representative, are subject to the consequences of submitting this case to the jurisdiction of the bankruptcy estate by filing a petition in bankruptcy, including the loss of the right to a jury trial for the adjudication of post-petition claims that arise out of the administration of the estate. This argument has been implicitly rejected by the Second Circuit. *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2d Cir.1990). In that case, the debtor in possession [1] commenced an adversary proceeding in the bankruptcy court in relation to a post-petition insurance contract. The debtor sought a declaratory judgment that the policy remained in effect and damages from its insurance brokers for alleged negligence and malpractice in procuring the policy. The court found this claim to be intrinsically related to estate administration and thus within the bankruptcy court's core jurisdiction. Although the court held that resolution of the debtor's post-petition state law claims was an essential part of administering the estate, it concluded that the claims were inherently legal and thus the defendants in the adversary proceeding were entitled to a jury trial. That the claims arose from post-petition conduct and were intimately related to estate administration did not affect the defendants' Seventh Amendment rights. As noted by Judge Krechevsky, there is no logical reason not to extend this same right to a jury trial to the trustee.

Finally, having found the trustee's tort and contract claims to be legal in nature and subject to the Seventh Amendment's protection of the right to a jury trial, it must be determined whether the claims implicate public rights and thus are subject to Congressional deprivation of the right to a jury trial. The trustee's claims are based solely on state law theories and not on any congressionally-created right that is "an integral part of a public regulatory scheme." "[S]tate-law contract claims

---

1. A debtor in possession has all the rights and powers of a trustee. 11 U.S.C. § 1107(a). In addition, the trustee stands in the shoes of the debtor and can only assert claims on behalf of the estate possessed by the debtor, subject to all defenses valid against the debtor. Accordingly, that an action is commenced by the trustee rather than the debtor would be irrelevant for Seventh Amendment purposes.

brought by a bankrupt corporation to augment the bankruptcy estate ... [are] matters of private rather public right." *Granfinanciera,* 109 S.Ct. at 2798. The trustee is entitled, pursuant to the Seventh Amendment, to a jury trial on the claims in issue.

Judge Krechevsky ordered the parties to remove the adversary proceeding from the bankruptcy court because "both parties agree[d] that the bankruptcy court has no authority to conduct a jury trial so that that issue, expressly left undecided by *Granfinanciera,* [wa]s not before [him] for a ruling." Ruling on Motion to Strike at 8. Subsequent to Judge Krechevsky's ruling and after the appeal sub judice was briefed, the Second Circuit "f[ou]nd that *Granfinanciera* does not foreclose the possibility of jury trials in the bankruptcy court." *Cooper,* at 1401. The court found no constitutional or statutory bar to a bankruptcy court holding a jury trial in a core proceeding. In view of the fact that this adversary proceeding was commenced in 1987 and the substantial potential for further delay if the case is to be removed from the bankruptcy court to be tried in an as yet undetermined forum, the matter will be remanded to the bankruptcy court for consideration, in light of the *Cooper* case, of the issue of whether it can conduct a jury trial on the trustee's claims in this action.

*Summary*

CNB's appeal of the denial of its motion to strike is dismissed. Judge Krechevsky's ruling that the trustee is entitled to a jury trial in the adversary proceeding in issue is affirmed. The matter is remanded to the bankruptcy court for consideration of the propriety of conducting such jury trial in the bankruptcy court.

SO ORDERED.