In re K LAZY K RANCH, INC., Simon Kusser, and Joe Kusser, Debtors.

K LAZY K RANCH, INC., Simon Kusser, and Joe Kusser, Plaintiffs,

v.

FARM CREDIT BANK OF OMAHA, successor-in-interest to the Federal Land Bank of Omaha; Richard L. and Bernadette A. Knox; Gerald W. and Doris J. Knox; and Todd Cowan, Defendants.

Bankruptcy No. 87–30014–PKE.
Adv. No. 90–3001–PKE.

United States Bankruptcy Court, D. South Dakota.

Aug. 7, 1990.

James P. Hurley, Bangs, McCullen, Butler, Foye & Simmons, Rapid City, S.D., Jonathan K. Van Patten, Vermillion, S.D., for plaintiffs.

Brent A. Wilbur, May, Adam, Gerdes & Thompson, Pierre, S.D. for FCBO.

William Taylor, Woods, Fuller, Shultz & Smith, P.C., Sioux Falls, S.D., for Buyers.

ORDER OF BANKRUPTCY COURT TRANSMITTING ADVERSARY PROCEEDING TO UNITED STATES DISTRICT COURT DUE TO BANKRUPTCY COURT'S LACK OF JURISDICTION TO CONDUCT A JURY TRIAL WHICH CERTAIN DEFENDANTS ARE ENTITLED TO IN A CORE MATTER

PEDER K. ECKER, Bankruptcy Judge.

1) This action is an adversary proceeding seeking injunctive and declaratory relief and money damages. Plaintiffs K Lazy K Ranch, Inc., Simon Kusser, and Joe Kusser (together as "K Lazy K") initially sued defendant Farm Credit Bank of Omaha ("FCBO") and later added as defendants, Todd Cowan, Richard L. Knox, Bernadette A. Knox, Gerald W. Knox, and Doris J. Knox (together as "Buyers"), contract purchasers from FCBO of the real property in question.

2) FCBO and Buyers filed answers which included both motions to dismiss this action for lack of jurisdiction in the Bankruptcy Court and demands for jury trial. This Court conducted a hearing on the motions for dismissal and the various demands for jury trial in the United States Bankruptcy Courtroom, Federal Building and United States Courthouse, 400 South Phillips Avenue, Sioux Falls, South Dakota, on July 11, 1990, at the hour of 1:00 p.m. K Lazy K appeared personally and was represented by and through Attorneys James P. Hurley of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, South Dakota, and Jonathan K. Van Patten, Vermillion, South Dakota. FCBO appeared by and through its attorney, Brent A. Wilbur of May, Adam, Gerdes & Thompson, Pierre, South Dakota. The Buyers appeared personally and through their attorney, William G. Taylor of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota.

3) This Court read the briefs submitted by counsel and heard extensive oral argument. During oral argument, the Buyers' counsel indicated that, if claims against the Buyers were deleted from the complaint and amended complaint, he would immediately move to intervene in the action on the Buyers' behalf in order to assert the validity of their interests as purchasers of the real estate at issue. The Buyers' counsel argued the Buyers would be entitled to intervene in this action as a matter of right. This Court determines that, had the Buyers not been included as parties defendants by K Lazy K's amended complaint, the Buyers could have successfully intervened in this action and could have asserted a claim that this Court lacks jurisdiction, and the Buyers would have additionally sought a jury trial. FCBO also demanded a jury trial and never conceded to this Court's jurisdiction in the instant matter.

4) This Court concludes K Lazy K suffered no economic damages to the date of trial.

5) K Lazy K's cause of action involves agricultural real estate used to graze livestock. The real estate is central to K Lazy

K's Chapter 11 plan to which all plaintiffs are involved in a consolidated bankruptcy case. A key stipulation between K Lazy K and FCBO, expressly incorporated into K Lazy K's confirmed bankruptcy plan, provided this Court maintain on-going jurisdiction. The Buyers lack any privity with K Lazy K. The Court finds the instant matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O).

6) The real estate K Lazy K, FCBO, and the Buyers all claim an interest in is unique parcels of land. A suit involving FCBO in this Court and a separate suit in a non-bankruptcy court involving the Buyers could lead to conflicting decisions as to the rights to the land. The real estate, the res of this proceeding, is, therefore, indivisible subject matter rendering bifurcation of the adversary proceeding impracticable.

7) The instant matter is a hybrid lawsuit in that it is primarily an equity action for specific performance of real estate but possesses some characteristics of an action at law to which a jury trial is permitted since contracts are involved. Focusing on the stipulation between FCBO and K Lazy K, an agreement or contract is an action at law. However, emphasizing the specific performance of unique land renders the suit an equitable action. While determining rights to real estate dominates this action, the supremacy of an important constitutional right discussed below compels this Court to not denominate the instant matter as solely an equity action.

8) Since *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court's jurisdiction to hear proceedings has been curtailed. Since the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, this Court has heard cases under Title 11 and proceedings arising under Title 11 or arising in or related to cases under Title 11 pursuant to a General Order of Reference dated July 27, 1984, and entered by the Honorable Andrew W. Bogue, then Chief Judge for the District of South Dakota. But for recent common law developments limiting this Court's jurisdiction to which the Buyers invoke, this Court could hear the instant matter.

9) A party is entitled to a jury trial conducted by an Article III judge under the United States Constitution's Seventh Amendment provided the underlying suit is a traditional action at law entitled to a jury trial presided over by an Article III judge, as contrasted to equity, and the party demanding the jury trial has not actively participated in a bankruptcy proceeding. *See Granfinanciera, S.A. v. Nordberg,* —— U.S. ——, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). FCBO is not entitled to a jury trial because it actively participated in K Lazy K's bankruptcy by taking such actions as filing a proof of claim and entering into a stipulation approved by this Bankruptcy Court.

10) The Buyers minimally participated in K Lazy K's bankruptcy. Buyers' counsel astutely filed no documents until the Buyers were added as defendants, appeared at preliminary hearings for the limited purpose of observing and voicing concerns, and in no manner acquiesced to this Court's jurisdiction. The Buyers meet the first prong of *Granfinanciera* because they have not actively participated in K Lazy K's bankruptcy. The second part of the test asks whether the suit was an action at law entitling one to a jury trial in the Eighteenth Century, when the Constitution was enacted, or one at equity. K Lazy K's complaint alleges 1987 Agricultural Act violations based on a stipulation or contract between K Lazy K and FCBO. The Buyers also have a contract with FCBO. Foreseeably, the land contracts may involve monetary damage to the Buyers, and K Lazy K may have incurred damages at law not yet ascertained. Since an action at law which a right to a jury trial presided over by an Article III judge is at least collaterally involved, this Court cannot ignore the vital constitutional right involved under the Seventh Amendment. The Buyers are entitled to a jury trial because they were not actively involved in K Lazy K's bankruptcy and a traditional action at law, to which a jury trial before an Article III judge is guaranteed under the Seventh Amendment, is involved. Had evidence presented shown a scheme on behalf of a party to remove the Bankruptcy Court's jurisdiction through a contrived plan by involving parties not

tainted by active bankruptcy involvement, this Court's holding would be different.

■ 11) Bankruptcy Courts in the Eighth Circuit may not conduct jury trials. *See United Missouri Bank of Kansas City*, 901 F.2d 1449 (8th Cir.1990). This Court lacks jurisdiction to conduct a jury trial in the above-captioned action.

■ 12) Because an Article III court, and not a bankruptcy court, may fully adjudicate the matters raised in the above-captioned adversary proceeding, it is, therefore

ORDERED that the Clerk of the Bankruptcy Court transmit the entire file in the above-captioned adversary proceeding, including this order, to the Clerk of the United States District Court for the District of South Dakota, Central Division, for such further proceedings as that Court may deem appropriate.