In re MALKOVE & WOMACK, INC., Debtor.

WES–MAR GROUP, INC., Plaintiff and Counterclaim Defendant,

v.

Milford WOMACK, Sr., Defendant and Third Party Plaintiff,

v.

Melvin MALKOVE, Third Party Defendant and Fourth Party Plaintiff,

v.

MALKOVE & WOMACK, INC., Fourth Party Defendant and Counterclaimant against Plaintiff.

Bankruptcy No. 90–00733.
Adv. No. 90–0801.

United States Bankruptcy Court, N.D. Alabama.

Dec. 7, 1990.

Paula I. Cobia, Anniston, Ala., for plaintiff.

Earl P. Underwood, Anniston, Ala., for debtor-defendant.

Mannon G. Bankson, Oxford, Ala., and Keith M. Collier, Florence, Ala., attys. of record, for Milford Womack.

## ORDER ON CLAIM AND COUNTERCLAIM

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

*Memorandum.*

The above-styled adversary proceeding in the above-styled chapter 11 bankruptcy case was instituted when the debtor (on April 3, 1990) caused the removal to the bankruptcy court of a civil action in the state courts. The civil action was commenced by the plaintiff against the defendant (Womack) on his alleged guarantee of an indebtedness alleged to be owed by the debtor to the plaintiff. The defendant (Womack) then sought judgment over against the 3rd party defendant (Malkove), who, in turn, sought judgment over against the debtor, which, then, counterclaimed against the plaintiff.

The bankruptcy case was commenced January 19, 1990, and the 3rd party defendant's claim against the debtor was filed in the state courts on February 28, 1990, thus, violating the automatic stay provided by 11 U.S.C. § 362(a)(1).

■ By electing to be an active "player" in this civil action and having removed it to the bankruptcy court, the debtor has, in effect, waived the stay and has treated the civil action as including or encompassing the core proceedings described in 28 U.S.C. § 157(b)(2)(B) and (C). Insofar as concerns only the plaintiff and the debtor, this proceeding has become a core proceeding for allowance or disallowance of the plaintiff's claim against the debtor and the counterclaims by the estate against an entity filing a claim against the estate. See the plaintiff's motion for summary judgment, prayer, paragraph (a), and the debtor's counterclaim filed June 27, 1990. Also, see Bankruptcy Rules 3007 and 7001.

■ To date, the debtor confesses an indebtedness of $111,274.51, and the plaintiff confesses an offset of $5,335.20; but, the dispute continues as to the aspects of the debtor's counterclaim which relate to a "walk-in-cooler" which the plaintiff took from the debtor on or about January 29, 1990. The debtor demanded a jury trial of these aspects of the counterclaim but has no right to a jury trial. See this court's holding in *In re Manning,* 71 B.R. 981 (Bankr.N.D.Ala.1987); and *see Langenkamp v. Culp,* —— U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990), *per curiam,* (No right to a jury trial, by a claimant, on trustee's counterclaim).

### ORDER

Accordingly, it is ORDERED by the Court:

1. The claim of Wes–Mar Group, Inc., is allowed for $105,939.31 only, but subject to the remaining aspects of the debtor's counterclaim, if established; and

2. The debtor's demand for a jury trial of the remaining aspects of its counterclaim is stricken.