In re Peter W.H. SHIH, Debtor.

In re GOLDEN INTERNATIONAL CORP., Debtor.

Richard M. KENNEDY, Trustee for the Bankruptcy Estates of Debtors Peter W.J. Shih and Golden International Corporation, Plaintiff,

v.

Peter W.J. SHIH, a/k/a Weay Jung Shih, Su Eor Huang, a/k/a Su Eor "Ruby" Huang, a/k/a Su Eor Mattson, Golden International Corporation, and R H Corporation, a Guam corp., Defendants.

Bankruptcy Nos. 90–00184, 90–00410. Adv. No. 90–0096.

United States Bankruptcy Court, D. Hawaii.

Feb. 27, 1991.

David Farmer, Honolulu, Hawaii, for plaintiff.

Melvin Wong, Honolulu, Hawaii, for defendants.

## ORDER DENYING MOTION FOR JURY TRIAL

JON J. CHINEN, Bankruptcy Judge.

On February 15, 1991, a hearing was held on the Motion for Jury Trial filed on January 15, 1991 by Peter Shih, Ruby Huang, Golden International Corp. of Hawaii and R H Corp. (Jointly "Shih & Huang") and in which motion Golden International Corporation (a Guam corporation) ("Golden Int.–Guam") joined. Hereafter, Shih & Huang and Golden Int.–Guam are jointly referred to as "Defendants". Present at the hearing were Melvin Wong, Esq., representing Shih & Huang, Nicholas C. Dreher, Esq., representing Golden Int.–Guam, Curtis Ching, Esq., representing Office of the United States Trustee ("OUST"), David Farmer, Esq., representing Richard Kennedy ("Trustee"), and Wilson Loo, Esq., representing Torkildson Katz Jossem Fonseca Jaffe & Moore ("TKJ & L"). The Trustee was also present. Following the hearing, the Court took the matter under advisement.

Based upon the memoranda filed, the records in the case and arguments of counsel, the Court renders this memorandum decision.

### FINDINGS OF FACT

Defendant Peter Shih ("Shih") filed his Chapter 7 petition on March 16, 1990, with Richard Kennedy being appointed Trustee on the same day. Then, Golden Int.–Guam filed its Chapter 7 petition on June 7, 1990, with Mr. Kennedy being appointed Trustee on August 15, 1990. Both cases were consolidated by Order dated August 20, 1990.

On October 22, 1990, the Trustee filed Adv. No. 90–0096 against the Defendants.

The Trustee sought three major forms of relief:

1. Objection to the discharge of particular debts under 11 U.S.C. § 523(a)(2), (4) and (6).

2. Avoidance of transfers of property pursuant to 11 U.S.C. §§ 547 and 548.

3. Collection and liquidation of the property of the Estates under 11 U.S.C. § 704.

Golden Int.–Guam filed its Answer to the Complaint on November 20, 1990, and Shih & Huang filed their Answer on November 27, 1990. Shih & Huang then filed a Motion for Jury Trial on January 15, 1991, to which Golden Int.–Guam joined on January 28, 1991. On February 12, 1991, OUST filed an Opposition to Motion for Jury Trial, to which TKJ & L joined.

All of the Defendants concede that, because they did not file a Demand for Jury Trial within ten days from their answers, they have waived their right to jury trial on demand pursuant to Federal Rules of Civil Procedure ("FRCP") 38. However, the Defendants contend that the Court should allow them to appear before a jury of their peers pursuant to FRCP 39(b).

The OUST and TKJ & L contend that the request for a jury trial should be denied, among others, because the complex issues of the litigation are best tried by the Court and a jury trial will interfere with the speedy administration of the Estate.

To the extent that these Findings of Fact constitute Conclusions of Law, they shall be so deemed.

## CONCLUSIONS OF LAW

Pertinent provisions of FRCP 39 read as follows:

### Rule 39. Trial by Jury or by the Court

....

(b) *By the Court.* Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

Because the Defendants have failed to file their demand for jury trial within ten days after the last pleading, they have waived their right to jury trial under FRCP 38. Thus, the Court may permit the Defendants to have a jury trial only if they meet the five-factor balancing test outlined in *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir.1983), *cert. denied* 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983).

The *Parrott* test involves a balancing of: (1) whether the case involves issues best tried to a jury; (2) whether granting the motion for jury trial would disrupt the court's or adverse parties' schedules; (3) how greatly adverse parties will be prejudiced; (4) how long the movant had delayed in requesting the jury trial; and (5) why the movant had not made a timely request for a jury trial. *In re Suburban Motor Freight, Inc.,* 114 B.R. 943 (Bkrtcy S.D.Ohio 1990).

On the first of *Parrott's* factors, the court finds that, though some of the issues may be tried to a jury, such as the request for monetary damages, the major issues are complex core proceedings and best triable by the Court. These include (1) matters concerning the administration of the estate; (2) orders to turn over property of the estate; (3) proceedings to determine, avoid, or recover fraudulent conveyances; (4) determination as to the dischargeability of particular debts; and (5) other proceedings affecting the liquidation of the assets of the estate.

As for the second and third elements, the Court finds that Mr. Shih, a debtor himself, and a principal in the debtor corporations, has disappeared from Hawaii and refuses to return even for the meeting of creditors. After removing some furniture from the debtor corporations to Guam, Mr. Shih had requested that the cases be dismissed. The Defendants have refused to cooperate with the Trustee to settle the estates. Instead, every tactic has been used to delay and frustrate the creditors. And, the Motion

for Jury Trial is another attempt to frustrate the creditors.

Because of the District Court's heavy criminal calendar, which calendar has priority in scheduling for hearing dates, it takes between 18 to 24 months before a civil jury trial can be scheduled. The goal of the Bankruptcy Code is to conclude a Chapter 7 case as soon as possible, not to prolong it for the benefit of the debtors and their counsel at the expense of the creditors. To have a jury try a complex core proceeding involving equitable matters will be time consuming and detrimental to the creditors.

On the fourth *Parrott* factor, the Court finds that Shih & Huang filed their request for jury trial approximately 39 days after the last pleading. Since the trial date has not yet been set, 39 days delay in requesting a trial by jury is not unreasonable if the other elements are satisfied.

As for the fifth *Parrott* element, counsel for Shih & Huang contend that they were not aware of the ruling in *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989) until January of 1991. This is incredible. When *Granfinanciera* was decided in June of 1989, it was major news! Every attorney practicing in bankruptcy should have been aware of *Granfinanciera* when it was published. The reason for the delay in requesting a jury trial is unsatisfactory.

Because the primary issues are complex and involve core proceedings, they are best triable by the Court. Likewise, the "excuse" for the delay in filing the request is without merit. And, the tactics of Peter Shih to delay the administration of the case as long as possible will be prejudicial to the Trustee and creditors in terms of time and expense. For all the foregoing reasons, the Court hereby denies the Motion for Jury Trial.

To the extent that these Conclusions of Law constitute Findings of Fact, they shall be so deemed.

IT IS SO ORDERED.