**In re Carlos Royall OZIER.**

**A. Jan THOMAS, Trustee, Plaintiff,**

v.

**CHRYSLER CREDIT CORPORATION and W.T. Langley, Defendants.**

**Bankruptcy No. 85–30279 S. Adv. No. 88–539.**

United States Bankruptcy Court, E.D. Arkansas, Jonesboro Division.

Oct. 16, 1991.

Stephen P. Hale, Gavin Gentry, Memphis, Tenn., for Chrysler Credit Corp.

Robert M. Fargarson, Neely Green, Fargarson & Brooke, Memphis, Tenn., William Lee Fergus, Assoc. Counsel, Osceola, Ark., for trustee.

A. Jan Thomas, West Memphis, Ark., trustee.

Jeannette Robertson, Jonesboro, Ark., for debtor.

Charles Baker, Little Rock, Ark., for W.T. Langley.

Michael Bearden, Osceola, Ark., U.S. Trustee.

### ORDER REFERRING ADVERSARY PROCEEDING TO DISTRICT COURT

MARY D. SCOTT, Bankruptcy Judge.

This adversary proceeding was filed October 25, 1988 in the Chapter 7 bankruptcy case of debtor, Carlos Ozier. The bankruptcy case was originally filed October 30, 1985. The original Complaint filed by the Chapter 7 trustee seeks actual and punitive damages in the amount of $2,000,000.00. Trustee has made a demand for trial by jury. A Motion to Strike the jury demand has been filed by Chrysler Credit Corporation.

Both Defendants initially sought to have the trustee's Complaint dismissed and/or moved for summary judgment contending the action was barred by the statute of limitations. Defendant's Motions came on for hearing February 28, 1989 before the Honorable James G. Mixon, the U.S. Bankruptcy Judge then presiding over the Jonesboro Division. The proceeding memo from that hearing indicates that the Motions were taken "under advisement" on the pleadings, and no evidence was presented at the hearing. On June 28, 1989 the Defendants' Motions were denied and they were given twenty (20) days to plead further. On July 18, 1989, separate Defendant, Chrysler Credit Corporation, filed a Motion to Reconsider the decision to deny its Motions for Dismissal and/or Summary Judgment. This Motion was set on the Court's docket before Judge Mixon on November 21, 1989 and was also taken under advisement. Again, no evidence was presented.

Sometime in May of 1990 this adversary proceeding was transferred to the undersigned with reassignment of the Jonesboro Division. A file review revealed that the Motion to Reconsider and Response were submitted on the pleadings and otherwise ready for disposition. Because there had been no evidentiary hearing the Court, after consulting the parties, concluded that the Motion could be decided under the present assignment of cases rather than transferring it back to Judge Mixon for reconsideration. This Court denied the Motion to Reconsider on June 27, 1990 and entered its Preliminary Pre–Trial Order.

The parties filed their Joint Pre–Trial Statement on August 24, 1990. The Court then issued its standard Pre–Trial Order.

Apparently the demand for jury trial, which appeared only in the trustee's prayer for relief in the original Complaint, did not come to the Court's attention because the Pre–Trial Order in September indicated that trial would be before the Court the week of July 29, 1991 through August 2, 1991. The request came to the Court's attention pursuant to the Motion to Strike Jury Demand. No party to date has filed a motion with the district court to withdraw reference of this matter.[1] The week long trial was cancelled to afford the Court an opportunity to consider the jury trial issue. The Court has now reviewed the entire file as well as the jury demand issues and concludes, for the following reasons, that the interests of judicial economy and expediency would best be served by referral of this adversary proceeding to the district court for trial.

## HISTORY

A review of the background in this case is initially necessary because this is a 1985 bankruptcy case which procedurally should have been concluded some time ago.

On October 30, 1985, Carlos Royall Ozier filed a voluntary petition under Chapter 7 of the Bankruptcy Code. November 6, 1985, A. Jan Thomas, Jr., was appointed trustee in the bankruptcy case and Order approving his bond was approved November 20, 1985. April 29, 1986, trustee's petition for authority to employ himself as legal counsel for the bankruptcy estate was granted. May 2, 1986, Ozier's discharge was granted.

July 15, 1986, while the bankruptcy case was still open, Ozier filed a Complaint for Money Damages against Chrysler Credit Corporation in the Circuit Court of Mississippi County, Chickasawba District, Arkansas which was assigned No. C–86–140. August 5, 1986, Chrysler filed a Petition for

Removal in the United States district court for the Eastern District of Arkansas pursuant to 28 U.S.C. § 1332(a) and the removed state court action was assigned Civil Action No. J–C–86–138. August 11, 1986, Chrysler filed an Answer in the U.S. District Court and contended, among other things, that the U.S. District Court lacked subject matter jurisdiction over the cause of action. March 27, 1987, Chrysler filed a Motion to Dismiss, or In the Alternative, for Summary Judgment asserting that the U.S. District Court lacked subject matter jurisdiction and that the Plaintiff lacked standing to bring the action because of his still pending bankruptcy case. April 27, 1987, Plaintiff filed a Motion to Amend Complaint to add the bankruptcy trustee as a party Plaintiff.

June 23, 1987, the district court entered an Order denying Chrysler's Motion to Dismiss or In The Alternative, For Summary Judgment as well as the Plaintiff's Motion to Amend to add the trustee as a party Plaintiff basing its decision upon the fact that the bankruptcy case had been terminated. July 23, 1987, Chrysler filed a Motion to Reconsider the district court's June 23, 1987 Order, and on August 13, 1987, the district court entered an Order granting Chrysler's Motion to Reconsider, finding as follows:

> The Court denied the motion [to dismiss] in large part because of its misunderstanding of the status of the bankruptcy case. In the motion for reconsideration, defendant points out that the case is still open ... The Court ... finds [therefore] that this matter is referred ... to United States Bankruptcy Judge ... for disposition in whatever manner he deems appropriate.[2]

The cause of action transferred to the bankruptcy court pursuant to the district court Order was assigned Adversary Proceeding No. 87–564 on August 17, 1987.

---

**1.** See 28 U.S.C. § 1334(c) and Rule 5011 of the Federal Rules of Bankruptcy Procedure.

**2.** 28 U.S.C. § 157 provides that each district court may provide that any or all cases under Title 11 and any or all proceedings arising under Title 11 shall be referred to the bankruptcy judges for the district. In Arkansas, the district

courts for the Eastern and Western districts have, pursuant to General Order 32, provided an automatic referencing mechanism for cases filed under Title 11. Other matters may be specifically referenced for disposition to the bankruptcy court as has been done in this pending matter.

On September 16, 1987, Chrysler filed a Notice of Appeal from the Order denying it's Motion to Dismiss or for Summary Judgment and transferring the cause to the bankruptcy judge. November 23, 1987, 837 F.2d 479, the United States Court of Appeals for the Eighth Circuit dismissed Chrysler's appeal as premature finding that the district court's Order denying Chrysler's Motion to Dismiss and transferring the matter to the bankruptcy court was an interlocutory Order and therefore not appealable. Mandate issued December 14, 1987. As a result of the Court of Appeals ruling, the bankruptcy court entered an Order January 26, 1988 reinstating AP No. 87–564, which had been administratively closed December 24, 1987, and indicated that a status hearing would be set by subsequent Order of the Court.

On January 25, 1988, Chrysler again filed a Motion to Dismiss Or In The Alternative For Summary Judgment in the adversary proceeding. In support of its Motion Chrysler argued that (1) the Court lacked jurisdiction over the subject matter of debtor's claim; (2) debtor's Complaint failed to state a claim upon which relief could be granted in that debtor's cause of action was extinguished by operation of law by debtor's failure to list the instant action as an asset of his bankruptcy estate; and (3) Plaintiff lacked standing to prosecute the instant action. The debtor filed a responsive memorandum brief arguing that (1) the Court did have jurisdiction because the state court action was filed after the debtor received a discharge and then removed to federal court by Chrysler; (2) his claim against Chrysler should not be extinguished because he failed to list it on his original bankruptcy schedules because it was not known to him at the time; that he filed an amendment to his bankruptcy schedules listing the claim remedying the defect; and (3) he filed a Motion to Substitute A. Jan Thomas, Jr., Trustee as the Plaintiff in this cause of action which, if granted, would remedy the problem of standing.

The bankruptcy court, in an Order entered April 25, 1988, concluded that the action should be dismissed because it lacked subject matter jurisdiction. The Court found that 28 U.S.C. § 1334(d) grants "The District Court in which a case under title 11 is commenced or is pending ... *exclusive jurisdiction* of all of the property, wherever located, of the debtor as of the commencement of such case, and of the property of the estate." [emphasis added] At the time the lawsuit was filed in the state court by Ozier, July 15, 1986, the administration of the bankruptcy case was still pending. Although the debtor received a discharge May 2, 1986, the trustee, at the time the state court action was filed, had not yet filed a report with the bankruptcy court closing the administration of the case. In other words, he had not abandoned any claims or actions which could properly be considered property of the bankruptcy estate. Since there appeared to be no disagreement that the cause of action, subject of the adversary proceeding, was property or a potential asset of the debtor's estate, pursuant to 28 U.S.C. § 1334(d), the U.S. District Court with *exclusive* jurisdiction over these matters, was the only court wherein this cause of action could have been commenced. It was not filed there, but in a state court. The bankruptcy court noted that even though Chrysler caused the state court action to be removed to federal court, that action did not cure the jurisdictional defect. *Leach v. Federal Crop Insurance Corporation,* 741 F.2d 200 (8th Cir.1984).[3]

---

**3.** In *Leach,* the original cause of action was brought in the Arkansas state court against the Federal Crop Insurance Corporation for breach of contract. The case was removed to the United States District Court for the Eastern District of Arkansas, it was dismissed for want of jurisdiction. The Eighth Circuit Court of Appeals affirmed the district court's holding finding at 201:

The Supreme Court has declared that removal jurisdiction is

a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in a federal court it would have had jurisdiction.

*Minnesota v. United States,* 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939).

The bankruptcy court concluded that the holding and reasoning in *Leach* was determinative and that the cause of action should be dismissed without prejudice for want of jurisdiction. The Court found that the federal courts alone have exclusive jurisdiction in bankruptcy matters pursuant to 28 U.S.C. § 1334(d). The state court, in which the cause of action was originally filed by Ozier acting on his own behalf, never had jurisdiction of the subject matter, and the federal courts did not acquire jurisdiction derivatively by removal. It did not matter that the cause of action haphazardly found its way to the proper court or that the trustee could be added as a party plaintiff.

The bankruptcy court also noted that the bankruptcy case was still open, and that during pendency of the state court proceedings as well as the proceedings in the district court the trustee had not initiated a new action. Whether he could still timely initiate an action on behalf of the bankruptcy estate was not an issue raised by the parties. The Court noted that the trustee was aware of the parties' dispute and arguments. Chrysler's Motion to Dismiss was granted. No appeal was taken. Chrysler filed two proofs of claim against the estate August 5, 1987; one for $45,390.99 and the other for $94,174.60.

## THE PENDING LAWSUIT

Some six months after the removed matter was dismissed the trustee finally filed this lawsuit against Chrysler which, as noted, essentially tracks Ozier's original state court allegations. The trustee has made demand for trial by jury which, in the bankruptcy context as outlined hereinafter, is unusual.

Chrysler contends that the trustee does not have a right to a jury trial because he has submitted this matter to the equitable powers of the bankruptcy court. Since the trustee chose the forum, Chrysler asserts he has waived any arguable claim he may have for trial by jury.

The trustee, citing *Germain v. Connecticut Nat'l Bank*, 112 B.R. 57 (Dist.Ct.Conn. 1990), argues he is entitled to a jury trial because he can meet the Supreme Court's test enunciated in *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

## DISCUSSION

This Court initially undertook to review all of the above in an effort to resolve the entitlement to jury trial issue. Resolution of this question, however, is not easy because of the underlying nature of this lawsuit. Case authority, including cases decided by the Supreme Court are not helpful because they are not precisely on point. One or another of the factors courts have considered is not the same in this case. A review of the bankruptcy court's jurisdiction may be helpful, and, although lengthy, is usually the starting point in resolution of these issues because bankruptcy court jurisdiction or lack of jurisdiction always seems to be the stumbling block. It is particularly so, where as in this case, the matter before the Court is not a "core proceeding" and this Court cannot enter a final judgment.

Under the Bankruptcy Code passed in 1978 Congress enacted an expansive bankruptcy jurisdictional provision. 28 U.S.C. § 1471. It conferred exclusive jurisdiction on the district courts over "all cases under title 11" and nonexclusive jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." Although this jurisdiction was technically conferred on the district courts, the bankruptcy court for the district in which a bankruptcy case was commenced was directed to "exercise all of the jurisdiction conferred by this section on the District Courts." 28 U.S.C. § 1471(c). In 1982, however, the U.S. Supreme Court held the broad grant of jurisdiction to the bankruptcy courts under 28 U.S.C. § 1471(c) unconstitutional, because the provision "removed most, if not all, of 'the essential attributes of the judicial power' from the Article III district court, and vested those attributes in a non-Article III adjunct." *Northern Pipeline Construction Co. v. Marathon Pipe Line Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

For a period of time after the Supreme Court's decision, the effect of which was stayed twice, the bankruptcy court jurisdictional gap was filled by an Emergency Rule. Finally, in 1984, Congress amended the Bankruptcy Code and relevant statutes. Under 28 U.S.C. § 1334, bankruptcy jurisdiction is conferred upon the district courts in the same broad language as under the 1978 Act. In response to the *Marathon* case, Congress retained the Article I status of bankruptcy judges, but reduced their authority. Under section 1334 the district court is authorized to refer "any or all" bankruptcy cases and proceedings falling within bankruptcy jurisdiction to the bankruptcy judges for the district. 28 U.S.C. § 157(a).

What a bankruptcy judge may do with a referred bankruptcy matter depends upon whether it is a "core" proceeding or a "non-core" (or related) proceeding. In core proceedings, the bankruptcy judge may hear and determine the case and enter a final judgment. In non-core proceedings, the bankruptcy judge may only hear and submit proposed findings of fact and conclusions of law to the district judge unless the parties consent to entry of judgment. Congress also limited the authority of bankruptcy judges over particular categories of cases: personal injury tort and wrongful death claims (*id.* at section 157(b)(5)) and proceedings requiring consideration of "both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *Id.* at section 157(d).

Upon reference by the district court, which is now automatic in all districts, a bankruptcy judge may hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11. See, in this regard, *Wood v. Wood* (*In re Wood*), 825 F.2d 90 (5th Cir.1987).

In addition, the bankruptcy judge has authority to determine whether a particular proceeding is core or non-core. 28 U.S.C. § 157(b)(3). If the proceeding is core, the bankruptcy judge has authority to adjudicate it unless the district court withdraws the reference. 28 U.S.C. § 157(d). Congress, unfortunately, did not define "core proceeding"; rather it provided a nonexclusive list of matters included within the category. 28 U.S.C. § 157(b)(2). Courts have experienced difficulties in determining what non-listed matters are also included, as well as determining the proper scope of those matters that are listed. There is support in the legislative history for a broad interpretation of the core proceedings category, yet constitutional concerns mandate a cautious approach. One example of the difficulties encountered in interpretation can be found in the instant case; suits by the debtor or trustee on contract claims based on state law. See, *In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986) wherein the court found that state law contract disputes may not be core proceedings even if they fit within the literal terms of one of the section 157(b)(2) catchall provisions.

A bankruptcy judge may hear a non-core proceeding referred by the district court but may not enter a final judgment or order. Instead the bankruptcy judge is authorized to submit proposed findings of fact and conclusions of law to the district court. The district court enters the final judgment after considering the bankruptcy judge's proposed findings and conclusions and reviewing *de novo* any matters to which a party has properly objected. 28 U.S.C. § 157(c)(1). Rule 9033 of the Federal Rules of Bankruptcy Procedure.

Non-core proceedings are matters falling within the third category of non-exclusive bankruptcy jurisdiction; civil proceedings related to cases under title 11. While there is general agreement that "related to" jurisdiction extends only to those proceedings that could have an impact on the bankruptcy estate, courts vary in how broadly they interpret this jurisdictional category. The Eighth Circuit has provided a standard for determining whether a proceeding is "related to" a bankruptcy case in *In re Dogpatch U.S.A., Inc.*, 810 F.2d 782 (8th Cir.1987). The Eighth Circuit there stated:

[T]he test for determining whether a civil proceeding is related to a bankruptcy is

whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankrupt estate.

*Dogpatch*, 810 F.2d at 786 (citations and internal quotations omitted); *see also, National City Bank v. Coopers and Lybrand*, 802 F.2d 990, 994 (8th Cir.1986).

■ The Complaint filed by the trustee in this adversary proceeding is *not* a core proceeding. However, under the Eighth Circuit standard, it is clearly related to the bankruptcy case because any recovery by the trustee would result in funds which would be distributed to the as yet unpaid creditors of Mr. Ozier. The bankruptcy court, thus, can hear the matter but must confine itself to submitting findings and recommendations to the district court. The district court as noted above considers these findings and conclusions and reviews *de novo* any matters to which a party has properly objected. 28 U.S.C. § 157(c)(1).

The determination that this adversary proceeding is a non-core matter is not a particular problem because a method of hearing and deciding the case satisfactorily under the Supreme Court's *Marathon* decision has been established. 28 U.S.C. § 157(c)(1). Unfortunately resolution of this case under the accepted scheme of things has been complicated not only by the fact that a jury trial is requested, but also by the fact that the demand has been made by the bankruptcy trustee.

The only statute that addresses the question of jury trial rights in bankruptcy is quite narrow.[4] 28 U.S.C. § 1411 apparently preserves the right to jury trial only with respect to personal injury and wrongful death tort claims. In all other bank-

ruptcy proceedings, the parties must look to the constitution for jury trial rights. The U.S. Supreme Court has considered the issue twice since 1989. In *Granfinanciera v. Nordberg*, 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court held that the Seventh Amendment entitles a person who has not submitted a claim against the bankruptcy estate to a jury trial when sued by the bankruptcy trustee to recover an allegedly fraudulent monetary transfer. Subsequent to that decision the Court held that creditors who filed claims against the bankruptcy estate "bring themselves within the equitable jurisdiction of the bankruptcy court" and, therefore, have no constitutional right to a jury trial. *Langenkamp v. Culp*, —— U.S. ——, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). These decisions indicate that the question of full extent of entitlement is left open to future interpretation. What is also apparent from these decisions is that Congress cannot by legislation create a non-jury Article I court and abrogate an inherent constitutional right. See, also *In re Kaiser Steel Corp.*, 109 B.R. 968, 973 (D.Colo.1989).

Another issue that has developed and resulted in a split of authority in the circuits concerns the bankruptcy judge's authority to conduct jury trials. Relevant to this Court and this case is the determination by the Eighth Circuit Court of Appeals that bankruptcy judges cannot conduct jury trials. *In re United Missouri Bank of Kansas City, N.A.*, 901 F.2d 1449 (8th Cir.1990). A contrary result was reached by the Second Circuit. *In re Ben Cooper, Inc.*, 896 F.2d 1394 (2nd Cir.1990). On May 13, 1991 the Supreme Court denied certiorari in the *Ben Cooper* case and declined to resolve the split in the circuits. *See, also Kaiser Steel Corp. v. Frates*, 911 F.2d 380 (10th Cir.1990) (agrees with Eighth Circuit).

Even if the Eighth Circuit concluded bankruptcy judges could conduct jury trials, it would not help resolve questions in

---

4. This was in large measure due to Congressional policy which established that bankruptcy proceedings were to be decided quickly, efficiently and fairly. In addition, it was felt that jury trials in core matters add a level of expense and delay that is inimical to the Trustee's essentially

equitable duty to assemble, account for and apportion the estate. *See* Gibson, *Jury Trials and Core Proceedings: The Bankruptcy Judges Uncertain Authority*, 65 Am.Bankr.L.J. 143, 157–63 (1991).

this case because the bankruptcy judge's authority over non-core proceedings is incompatible with the conduct of a jury trial. 28 U.S.C. § 157(c)(1) authorizes a bankruptcy judge to hear and submit proposed findings of fact and conclusions of law. Judges, not juries, make proposed findings of fact. See *Pied Piper Casuals v. Insurance Co.*, 72 B.R. 156, 159–60 (S.D.N.Y.1987). Subjecting the factual findings of a bankruptcy court jury to *de novo* review by a district court would violate the reexamination clause of the Seventh Amendment. ("No fact tried by a jury shall be otherwise reexamined by any Court of the United States, than according to the rules of the common law.") Thus, if a right to a jury trial exists in a non-core proceeding, it must be conducted in either district court or state court.

This review of bankruptcy court jurisdiction and the relatively recent Supreme Court and Circuit Court rulings regarding when, where, and by whom jury trials are to be conducted in bankruptcy matters reveals the dilemma this Court faces in resolving the pending Motion to Strike the trustee's jury demand. The trustee has filed a non-core proceeding and demanded trial by jury. This bankruptcy court cannot conduct a jury trial, and, even if it could, a non-core proceeding is incompatible with the conduct of a jury trial.

Since the ruling by the Eighth Circuit that bankruptcy judges may not conduct jury trials, these cases have been routinely referred to the district court if the party requesting trial by jury is entitled to one. This matter, however, is not routine. Its facts cannot easily be applied to the recent Supreme Court standards enunciated in *Granfinanciera* and *Langenkamp*. The Supreme Court has not addressed the issue of whether a trustee, or for that matter, whether a debtor or debtor-in-possession would ever be entitled to a jury trial. Most of the cases dealing with the issue of en-

titlement to jury trial involve a non-debtor/non-trustee party.[5]

Many lower courts addressing the question of whether a debtor or debtor-in-possession is entitled to a jury trial have rather consistently denied those requests either because the debtor chose the forum (equitable, non-jury) or the proceedings were equitable rather than legal in nature. These courts first considered whether the debtors voluntarily submitted to the equitable jurisdiction of the bankruptcy court (i.e., the debtor started the whole thing). Then, after finding the debtors' situations comparable to those of the creditors in *Langenkamp* and *Granfinanciera,* denied their right to a jury trial. *Matter of Hallahan*, 936 F.2d 1496 (7th Cir.1991); *In re McLaren*, 129 B.R. 480 (Bankr.N.D.Ohio 1991); *In re Shih*, 125 B.R. 812 (Bankr.D.Hawaii 1991); *In re Lion Country Safari, Inc. California*, 124 B.R. 566 (Bankr.C.D.Calif.1991); *In re Malkove & Womack, Inc.*, 122 B.R. 444 (Bankr. N.D.Ala.1990); *In re K Lazy K Ranch, Inc.*, 117 B.R. 521 (Bankr.D.S.D.1990); and *In re Edwards*, 104 B.R. 890 (Bankr. E.D.Tenn.1989).

Whether a trustee may demand a jury trial, as noted earlier, is an unusual question, but such demands have been made and challenges filed. Some courts found that if an action is brought by or against a trustee in a state court where the trustee has a common law right to a jury trial and, in fact, demands a jury trial, this right will be preserved even if the action is subsequently removed to the bankruptcy court. *Germain v. Connecticut Nat'l Bank*, 112 B.R. 57 (D.Conn.1990); *In re O'Sullivan Fuel Oil Co.*, 103 B.R. 388 (D.Conn.1989). But, see, *In re McCorhill Publishing*, 90 B.R. 633, 637 (Bankr.S.D.N.Y.1988) (trustee waived any right he may have had to trial by jury by raising state law conversion and unfair competition claims as counterclaims

---

**5.** Then a court's inquiry follows the two-step analysis outlined by the Supreme Court in *Granfinanciera* and *Langenkamp*. First the court must determine whether the cause of action would have been tried to a jury at common law and if so, whether the remedy sought is legal

rather than equitable in nature. Second, the court must consider whether Congress may assign and has assigned resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as fact finder. *See, also Granfinanciera*, 109 S.Ct. at 2797 at n. 10.

against creditor who had filed claims against the estate).

The answer to the question of whether a trustee waives a right to a jury trial, given that waivers of constitutional rights are not lightly to be entertained, and that there can be no effective imputation of waiver to the trustee prior to the Supreme Court's 1989 *Granfinanciera* decision, however, is not firmly established.[6] *In re Jackson,* 118 B.R. 243, 248 (E.D.Pa.1990).

In addition, a few courts have recently questioned whether a debtor or creditor waives the right to a jury trial solely on the basis of submitting to the equitable jurisdiction of the bankruptcy court. *In re Marshland Development, Inc.,* 129 B.R. 626 (Bankr.N.D.Ca.1991). *See, also, In re Washington Mfg. Co.,* 128 B.R. 198 (Bankr. M.D.Tenn.1991) wherein the court stated pertinently as follows:

> Neither *Langenkamp* nor *Lion Country* suggests that the act of filing a bankruptcy petition or removing an action to the bankruptcy court constitutes waiver of the right to a jury trial. In *Granfinanciera* the Supreme Court made clear that submitting oneself to the jurisdiction of the bankruptcy court, which can lead to the loss of the right to a jury trial, is a concept differing from waiver.
>
> It warrants emphasis that this rationale [i.e., that an appearance in bankruptcy court is deemed consent to jurisdiction] differs from the notion of waiver ... [I]n the context of bankruptcy proceedings ... creditors lack an alternative forum to the bankruptcy court in which to pursue their claims.
>
> *Granfinanciera,* 109 S.Ct. at 2799, n. 14.
>
> Similarly, the court concludes that a debtor lacks an alterative forum in which to reorganize or obtain a fresh start. Thus, neither a creditor nor debtor waives its right to a jury trial solely on the basis of having submitted itself to the equity jurisdiction of the bankruptcy court.

**6.** The trustee filed this adversary proceeding and demanded a jury trial October 25, 1988 well

The *Washington Mfg.* court also noted with interest, but did not find necessary to decide, the question of whether a trustee is ever entitled to a jury trial. *Washington Mfg.* at 202.

The trustee is a disinterested person appointed to liquidate the bankruptcy estate. 11 U.S.C. §§ 322(a) and 701(a)(1). The trustee becomes the hypothetical perfect lien creditor. 11 U.S.C. § 544(a)(1). As such the trustee does not represent the debtor, but acts instead for the estate as a fiduciary for all the unsecured creditors who may or may not have filed claims against the estate. The trustee did not choose the bankruptcy court in the sense of filing the case and, in fact, lacks any other forum to administer a bankruptcy estate. Under the circumstances, it would be difficult to conclude that the trustee waived the right to a jury trial relying upon similar theories used by courts to deny a debtor a right to a jury trial; that he or she voluntarily submitted to the equitable jurisdiction of the bankruptcy court by filing the case. This is particularly so given that "waivers of constitutional rights are not lightly to be entertained." *Jackson,* 118 B.R. at 248.

Suffice it to say, there is no clear answer to the one before the Court; whether the trustee is ever entitled to a jury trial. A court might decide this issue either way and find support, as is evidenced by the myriad decisions all purporting to follow dictates from the highest court. What is clear, however, is that the pending matter is a non-core proceeding and the bankruptcy court, with or without a jury, cannot decide or preside over any final decision. A practical solution suggests itself. The interests of judicial economy will best be served by referring the matter to the Article III district court. It is true that no party has sought this solution by filing a motion to withdraw reference with the district court. However, the 1984 amendments to the Bankruptcy Code providing for referral to the district court, anticipated that there could be just this kind of case; before the *Granfinanciera* decision.

one needing to be finally decided on the merits absent the jurisdictional problems which continue to plague the bankruptcy court.

## CONCLUSION

The Court finds that the above captioned adversary proceeding, including this Order, should be transmitted to the U.S. District Court for such further proceedings as it deems appropriate.

IT IS SO ORDERED.